### 46077. LEON INVESTMENT COMPANY v. INDEPENDENT LIFE & ACCIDENT INSURANCE COMPANY et al.

JORDAN, Presiding Judge. The plaintiff, as the grantee of a junior security deed, filed a claim for the surplus funds held by the defendants, a corporation and its attorney, after exercise of the power of sale under a superior security deed, alleging that the debt secured by the junior security deed was due and unpaid in an amount exceeding the surplus funds. The appeal is from an interlocutory order, duly certified for appeal by the trial judge, which denies the plaintiff judgment on the pleadings, sustains the defense that the grantor is a necessary party, and requires the plaintiff to make the grantor a party to the action. *Held:*

Even if the grantor is not an essential party (CPA § 19 (a); *Code Ann.* § 81A-119 (a)) he may occupy at least the status of a person who ought to be a party "if complete relief is to be accorded between those already parties" and whom, if "subject to the jurisdiction of the court," the court has the authority to order to appear in the action. CPA § 19 (b) (*Code Ann.* § 81A-119 (b)). Additionally, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action on such terms as are just." CPA § 21 (*Code Ann.* § 81A-121). Also, see CPA § 22 (*Code Ann.* § 81A-122).

The appellate courts of this State have also long recognized that if a trial judge applies equitable principles, as distinguished from the exercise of affirmative equitable powers, the action may proceed in a lower court as an action in law, as to which an appeal would lie to this court, and not to the Supreme Court. See *Alsobrook v. Prudential Ins. Co.,* 174 Ga. 637 (163 SE 706); *Holbrook v. Stewart,* 55 Ga. App. 720 (191 SE 165).

Where, as here, the case as disclosed by the pleadings is somewhat like a money rule involving possible conflicting claims (*Code* § 24-211) and also discloses possible grounds for the grant of interpleader in equity (*Code Ann.* § 37-1503) we think the trial judge—although powerless to act in equity—acted properly in apparently invoking equitable principles as countenanced by

the provisions of the Civil Practice Act, cited supra, and in thus ordering the plaintiff to proceed in a manner which would enable the court to resolve possible conflicting claims to the surplus funds held by the defendants, and thereby protect the defendants from multiple actions.

In the posture of the present appeal we do not reach that portion of the order of the trial judge which purports to sustain the defendant's pleaded contention that the plaintiff must first secure a judgment against the grantor to reach the excess funds which the defendants hold. Instead, we affirm only in respect to the refusal of the trial judge to grant the plaintiff's claim on a motion without the addition of the grantor as an interested party whose potential claim could also be adjudicated.

> *Judgment affirmed. Quillian and Evans, JJ., concur.*
> SUBMITTED APRIL 7, 1971—DECIDED APRIL 20, 1971.

*J. Norwood Jones, Jr., B. J. Roberts,* for appellant.

*Mitchell, Pate & Anderson, Paul H. Anderson, George F. Nunn, Jr.,* for appellees.