47198. NORTH CAROLINA NATIONAL BANK v. PEOPLES BANK OF LaGRANGE.

SUBMITTED MAY 2, 1972—DECIDED SEPTEMBER 25, 1972—REHEARING DENIED OCTOBER 20, 1972—

*Trotter & Duncan, Thurman E. Duncan,* for appellant.
*Richter & Birdsong, A. W. Birdsong,* for appellee.
EVANS, Judge. When may new parties be made and

joined in an action; and when may the trial court require such additional parties?

The answer to these two questions will be found in *Code Ann.* § 81A-119 (a) and (b), and *Code Ann.* § 81A-123 (Ga. L. 1966, pp. 609, 630, 632). *Code Ann.* § 81A-119 (a) provides: "(a) Subject to the provisions of section 81A-123 and of sub-division (b) of this section, *persons having a joint interest* shall be made parties and be joined on the same side as plaintiffs or defendants." (Emphasis supplied.) *Code Ann.* § 81A-119 (b) provides: "When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them can be acquired only by their consent or voluntary appearance; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

*Code Ann.* § 81A-123 (a) provides: "If persons *constituting a class* are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is: (1) Joint, or common, or secondary in the sense that the owner of a primary right refuses to enforce that right *and a member of the class* thereby becomes entitled to enforce it; (2) Several, and the object of the action is the adjudication of claims which do or may *affect specific property involved in the action.*" (Emphasis supplied.)

Here, the situation is not within the purview of these two statutes. It is not shown that the new parties defendant have a "joint interest" so as to be subject to *Code Ann.* § 81A-119.

*Code Ann.* § 81A-119 deals with necessary and indispensable parties and the two proposed new defendants (L. C.

Robinson & Sons, Inc. and G. E. Robinson) sought to be brought in by the defendant bank are not necessary or indispensable parties.

"The principles applicable to a determination of whether a party is merely proper or whether he is one who should be joined because a necessary or indispensable party are comparatively simple. They revolve about the question of interest in the controversy. Persons who may be joined under Rule 20 because of an interest in a question of law or fact are proper parties, but they are not necessary or indispensable. Tortfeasors are not indispensable or necessary to an action against one of their number, because their liability is both joint and several." 3A Moore's Federal Practice 2226, § 19.07[1].

*Code Ann.* § 81A-120 deals with permissive joinder of parties. It is for the plaintiff to say whether he wants to sue other defendants.

"Joinder is at the option of the plaintiffs; it cannot be demanded as a matter of right by the defendant." 3A Moore's Federal Practice 2774, § 20.05.

"One is not required to join all joint tortfeasors in one suit to recover the damage sustained; there is no right on the part of one joint tortfeasor who is sued for the joint tort to compel the plaintiff to bring in other tortfeasors." 59 AmJur2d 541, § 124.

It is not shown that this is an action where the owner of the primary right refuses to enforce it, and *a member of a class* thereby becomes entitled to enforce same; nor is it a several action whereby specific property is affected, so as to make *Code Ann.* § 81A-123 apply.

The court erred in issuing the order requiring plaintiff to bring these new parties into the case as defendants and ordering the plaintiff to amend its pleadings accordingly.

*Judgment reversed. Hall, P. J., Eberhardt, P. J., Pannell and Deen, JJ., concur. Bell, C. J., Quillian, Clark and Stolz, JJ., dissent.*

STOLZ, Judge, dissenting. The majority opinion in this case overlooks Civil Practice Act § 19 (b) (*Code Ann.*

§ 81A-119 (b)) covering *conditionally necessary parties,* wherein it is provided: "When persons who are not indispensable, but who ought to be parties if complete relief is to be accorded between those already parties, have not been made parties and are subject to the jurisdiction of the court, the court shall order them summoned to appear in the action. The court in its discretion may proceed in the action without making such persons parties, if its jurisdiction over them can be acquired only by their consent or voluntary appearance; but the judgment rendered therein does not affect the rights or liabilities of absent persons."

The record discloses that L. C. Robinson & Sons, Inc. is an Alabama corporation with its principal office and place of business in Troup County, Georgia, and that G. E. Robinson is a resident of Troup County, Georgia. Thus, *both* are subject to the jurisdiction of the Superior Court of Troup County and are "conditionally necessary parties" if "complete relief is to be accorded between those already parties" under CPA § 19 (b) (*Code Ann.* § 81A-119 (b)).

The Civil Practice Act also provides that parties defendant also may be joined in one action "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given . . . against one or more defendants according to their respective liabilities." CPA § 20 (a) (*Code Ann.* § 81A-120 (a)).

The majority opinion succinctly sets forth the contentions of the plaintiff and the defendant. I would but mention that the plaintiff has yet to bring an action on its allegedly past due note, to say nothing of reducing it to judgment and attempting to collect it through levy. The defendant and the debtors deny that the debtors are insolvent. If the debtors are solvent and the debt collectible, how could the

defendant bank have defrauded the plaintiff? If the debtors are insolvent, why go through two trials to resolve these issues? The debtors are subject to the jurisdiction of the court and are willing to be joined as parties to the action. The trial court found that "they (debtors) are necessary parties if complete relief is to be accorded between those already parties." Thus, the requirements of CPA § 19 (b) (*Code Ann.* § 81A-119 (b)) are squarely met.

The provisions of the Civil Practice Act are to be construed "to secure the just, speedy, and inexpensive determination of every action." CPA § 1 (*Code Ann.* § 81A-101).

Even if L. C. Robinson & Sons, Inc., and G. E. Robinfon are not essential parties (CPA § 19 (a); *Code Ann.* § 81A-119 (a)) they occupy at least the status of persons who ought to be parties "if complete relief is to be accorded between those already parties" and whom, if "subject to the jurisdiction of the court," *the court has the authority to order to appear in the action* (conditionally necessary parties). Further, "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action on such terms as are just." CPA § 21 (*Code Ann.* § 81A-121). See also CPA § 22 (*Code Ann.* § 81A-122); *Leon Investment Co. v. Independent Life &c. Ins. Co.*, 123 Ga. App. 668 (182 SE2d 151). There is nothing in the record to suggest that it would be unjust or unfair to permit the joinder of L. C. Robinson & Sons, Inc., and G. E. Robinson as parties defendant in this case.

The opinion of the majority is an invasion of the discretion given the trial court under the Civil Practice Act. If the trial court is not to be permitted to exercise its discretion to add these parties as defendants in this case, when can it possibly be permitted to do so? This case presents the classic example of the opportunity afforded by the Civil Practice Act to bring all parties at interest before the court and resolve all issues in one case and thus avoid a multiplicity of suits. The net effect of the majority decision for all intents and purposes, is to disembowel the joinder provi-

sions of the Civil Practice Act and make them utterly meaningless. I must respectfully dissent.

I am authorized to state that Chief Judge Bell and Judges Quillian and Clark concur in this dissent.