## 27668. PEOPLES BANK OF LAGRANGE v. NORTH CAROLINA NATIONAL BANK.

GUNTER, Justice. This case comes here by the grant of a writ of certiorari to the Court of Appeals so that we might review its 5-4 decision interpreting the Civil Practice Act (Code Ann., § 81A-119) relating to the

joinder of persons needed for a just adjudication of an action. The trial court had ordered the joinder of two additional parties, and the Court of Appeals reversed. See *North Carolina Nat. Bank v. Peoples Bank of LaGrange,* 127 Ga. App. 372 (193 SE2d 571).

North Carolina National Bank (Carolina Bank) originally brought an action against Peoples Bank of LaGrange (Peoples Bank) in Troup Superior Court seeking recovery from the latter of fifty thousand dollars plus interest that Carolina Bank had allegedly lost because of false and fraudulent representations made to it by Peoples Bank. The essence of the claim was that Carolina Bank was induced to deposit fifty thousand dollars to the credit of Peoples Bank because of the false representations of the latter, and by Peoples Bank forwarding to Carolina Bank a note signed by one of Peoples Bank's customers and endorsed by another of Peoples Bank's customers (third parties).

It is clear from the record that Carolina Bank did not pay or advance any funds to third parties. Carolina Bank merely credited the account of Peoples Bank in the amount of fifty thousand dollars, and Peoples Bank then withdrew this amount from its account. It is obvious that if the third parties got this amount of money, it must have been paid and delivered to them by Peoples Bank.

Peoples Bank filed responsive pleadings to the action, denied the material charges made against it, and sought to have the third parties made parties to the action pursuant to Code Ann. § 81A-119.

The trial court ordered that the third parties be made defendants, and further ordered that Carolina Bank file an amended complaint naming the third parties as defendants in the action. Carolina Bank appealed this judgment, and the Court of Appeals held that the judgment of the trial court was erroneous.

In 1972 the General Assembly repealed Section 19 (Code Ann. § 81A-119) of the Civil Practice Act and completely rewrote it. This 1972 revision by the General Assembly followed the 1966 revision of Rule 19 of the Federal Rules of Civil Procedure by the Congress. Though the trial court entered its judgment prior to the effective date of the 1972 revision, the decision by the Court of Appeals and the decision by this court necessarily came and must come after the effective date of the revision. The appeal in this case was an interlocutory appeal, the controlling procedural rule was changed pending appeal, and the case must be concluded in the trial court pursuant to the provisions of the rule as it now exists. We therefore hold that the rule in its present form, as re-enacted in 1972, is applicable in this case.

The pertinent part of Code Ann. § 81A-119 now reads as follows: "A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be afforded among those who are already parties, . . ."

The amended rule does away with most of the prior distinctions that were made between "necessary and indispensable parties." In Potomac Electric Power Co. v. Babcock & Wilcox Co., 54 FRD 486, 491 (1972) the court said: "In 1966, both subdivision (a) and subdivision (b) of Rule 19 were extensively revised. One of the principal purposes of these revisions was to emphasize that pragmatic considerations should be controlling rather than the technical or abstract character of the rights of persons whose joinder was in question. See advisory committee notes on 1966 amendments. In stressing the necessity for considering pragmatic considerations, the committee stated that a choice should be made under the circumstances of each particular case between the alternatives of proceeding with the action in the absence of particular necessary

parties or dismissing the action."

In Provident Tradesmens Bank &c. Co. v. Patterson, 390 U. S. 102, 119 (88 SC 733, 19 LE2d 936) (1968), the Supreme Court of the United States, referring to revised Rule 19, said: "To say that a court 'must' dismiss in the absence of an indispensable party and that it 'cannot proceed' without him puts the matter the wrong way around: a court does not know whether a particular person is 'indispensable' until it has examined the situation to determine whether it can proceed without him."

It therefore seems to us that the primary consideration concerning joinder or nonjoinder under the revised rule is whether any judgment that might be rendered will be adequate in the absence of the parties sought to be joined. If there are no "compelling reasons" for joinder of the third parties, then they are not indispensable to the action, and it is not "necessary" under the revised rule to join them as partys defendant for a just adjudication of the merits of the action between the original parties.

"The purpose of Rule 19 (a) is not to permit the commencement of a new and unrelated lawsuit against different parties." La Chemise Lacoste v. General Mills, 53 FRD 596, 601 (1971).

It is clear to us that the action between Carolina Bank and the Peoples Bank can be concluded and a judgment rendered therein without affecting the substantive rights of the third parties. To paraphrase the revised rule itself: Complete relief can be afforded between the two original parties to the action in the absence of the third parties.

Complete relief as between the two original parties can be effected without giving consideration to a cause of action that either of the original parties may have against the third parties after the conclusion of the action between the original parties.

The judgment of the Court of Appeals in this case was correct.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 12, 1973 — DECIDED APRIL 13, 1973.

*Richter & Birdsong, A. W. Birdsong, Jr.,* for appellant.
*Trotter & Duncan, Thurman Duncan,* for appellee.