### 48801. FREEMAN v. LOW X-RAY CORPORATION et al.

HALL, Presiding Judge. This appeal presents the question whether one defendant-tortfeasor may insist that plaintiff also sue an alleged joint tortfeasor. Here the trial court ordered the joinder of an alleged joint tortfeasor on motion made by a tortfeasor-defendant under Code Ann. §§ 81A-119 and 81A-120 without the consent of plaintiff.

The facts may be simply stated. Plaintiff, Low X-Ray Corporation, sued Richard Wellington Burkhart (defendant-appellee) and others alleging a conspiracy fraudulently to convert plaintiff's goods to their own account over a period of almost two years. The named defendants were former employees of plaintiff and their corporate alter egos. Burkhart moved[1] to add Bernard Freeman as a defendant, on the ground that Freeman had been controller and auditor in charge of plaintiff's inventory, and a conspiracy could not have existed without his knowledge. This joinder was first ordered and then vacated on plaintiff's motion, and then ordered again. Plaintiff filed a motion to reconsider the last order, was denied and was granted a certificate, but brings no appeal. However, Freeman moved to vacate the orders; his

---

[1] Burkhart had attempted to bring Freeman in on a third party complaint, but the complaint was dismissed on Freeman's motion.

motion was denied and the denial certified to this court. Here, Freeman appeals and urges that as an alleged joint tortfeasor he may not be joined on motion of a defendant.

This case is controlled by *North Carolina Nat. Bank v. Peoples Bank of LaGrange,* 127 Ga. App. 372 (193 SE2d 571), which was affirmed in *Peoples Bank of LaGrange v. North Carolina Nat. Bank,* 230 Ga. 389 (197 SE2d 352). In that case, the defendant bank was sued in tort for false representations, and moved under Code Ann. § 81A-119 (Ga. L. 1966, pp. 609, 630) to add an individual and a corporation as parties defendant. The trial court ordered those parties added, and we reversed that decision on the ground that joint tortfeasors are not indispensable parties in an action against one of them, because their liability is both joint and several. 127 Ga. App. 372, 375. In affirming that decision, the Georgia Supreme Court specifically considered and ruled applicable the 1972 revision of the statute by the General Assembly which followed Congress' revision in 1966 of Rule 19 of the Federal Rules of Civil Procedure. The court ruled that under the revised statute the additional parties were not properly added because "It is clear to us that the action between Carolina Bank and the Peoples Bank can be concluded and a judgment rendered therein without affecting the substantive rights of the third parties. To paraphrase the revised rule itself: Complete relief can be afforded between the two original parties to the action in the absence of the third parties." 230 Ga. 389, 392. This availability of "complete relief" is predicated upon the several as well as joint liability of joint tortfeasors. Inasmuch as the present appeal also presents a joint tortfeasor situation, it falls clearly under the rule of *Peoples Bank of LaGrange,* and it follows that the trial court erred in granting the motion to add Freeman as a party defendant, and in denying Freeman's motion to vacate such order.

This approach is entirely consistent with the interpretation given federal Rule 19 as revised in 1966. "The 1966 amendment of Rule 19 does not alter the long standing practice of not requiring the addition of joint tortfeasors." 7 Wright & Miller, Federal Practice and Procedure: Civil, § 1623, p. 241. "Tortfeasors are not indispensable or necessary to an action against one of their number, because their liability is both joint and several." 3A Moore's Federal Practice 2226, § 19.07[1]. Accord, Herpich v. Wallace, 430 F2d 792, 817 (5th Cir. 1970); Twentieth Century-Fox Film Corp. v. Teas, 286 F2d 373, 380 (5th Cir. 1961).

In an attempted circumvention of this interpretation of Rule 19, appellee Burkhart (who desires the joinder) argues that under Code Ann. § 81A-121 the court may add parties on motion of any party or on its own initiative, and that under Code Ann. § 81A-120 the court may bring in defendants who are involved in the same transaction where the question of law is common to all defendants. These contentions may be answered by noting that Code Ann. § 81A-121 concerns misjoinder and nonjoinder of parties, and merely provides a procedural method to cure joinder errors. However, the substantive correctness of the joinder is to be tested under other pertinent rules, including § 81A-119. "Indeed, Rule 17 or Rule 19 could be viewed as the source of the requirement that a particular individual be added to the action and Rule 21 simply describes the procedural consequences of failing to do so and makes it clear that the defect can be corrected." 7 Wright & Miller, supra, § 1683, p. 324. Thus, Code Ann. § 81A-121 provides no authority for the trial court's order that Freeman be joined as a joint tortfeasor when such joinder is incorrect under Code Ann. § 81A-119. The contention that the permissive joinder rule of Code Ann. § 81A-120 would apply here was answered negatively in the *North Carolina Nat. Bank case*, 127 Ga. App. 372, supra, p. 375: "It is for the plaintiff to say whether he wants to sue other defendants."

Finally, appellee argues that the rules discussed above have no application since their purpose is to grant to plaintiff the control of his lawsuit, and here it is not plaintiff who objects to the joinder (because plaintiff does not appeal the denial of its motion to reconsider) but the party sought to be joined. This argument is not persuasive. To the extent to which plaintiff has not by its initial complaint nor by amendment sought to name Freeman as a defendant, plaintiff has evinced a desire not to proceed against him.

For the error described above in ordering the joinder of Freeman and denying his motion to vacate, the judgment will be reversed.

*Judgment reversed. Deen and Stolz, JJ., concur.*

Argued January 15, 1974 — Decided January 31, 1974 — Rehearing denied February 12, 1974.

*Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley, Charles Goetz,* for appellant.

*Rose & Stern, George S. Stern,* for appellees.