### 54091. JOHNSON et al. v. FIRST NATIONAL BANK OF ATLANTA et al.

SMITH, Judge.

We affirm the grant of summary judgment for the First National Bank of Atlanta against Johnson and others.

On August 19, 1975, each appellant guaranteed that he would pay the bank "when due . . . all liabilities and indebtedness of the Principal [National Hotel Acquisition, Inc.], to Bank, now existing or hereafter coming into existence, however and whenever incurred or

evidenced." On February 23, 1976, National Hotel Acquisition (NHA) made out to the bank two promissory notes totaling $24,000. After NHA failed to pay the notes when they became due, the bank filed this suit against the appellants on their guaranties.

1. We do not agree with appellants' contention that the trial court erred in granting summary judgment without joining NHA as an indispensable party defendant. The guaranties signed by appellants provided that appellants' obligations were "absolute and unconditional" and that "the Bank may resort to or bring suit against the Undersigned, or any of them, for payment of any of the obligations, whether or not the Bank shall have resorted to or brought suit against . . . the Principal [NHA], or any other party primarily or secondarily liable on any of the Obligations, and whether or not the Bank shall have exhausted its rights or remedies against any of the foregoing." Furthermore, UCC § 3-416 (1) provides that a guarantor of payment "engages that if the instrument is not paid when due he will pay it according to its tenor without resort by the holder to any other party." Ga. L. 1962, pp. 156, 263 (Code Ann. § 109A-3—416 (1)). Thus it is clear that there was no compelling reason to join NHA and that "complete relief" could be afforded the original parties to the suit without the joinder of NHA. Ga. L. 1972, pp. 689, 694 (Code Ann. § 81A-119 (a)). *Peoples Bank v. North Carolina Nat. Bank,* 230 Ga. 389 (197 SE2d 352). The fact that the guarantors may have a cause of action against NHA after the conclusion of this action does not demand otherwise. Id., p. 392.

2. Appellants contend that the grant of summary judgment was error because issues of fact remained as to their defense that the bank had altered the notes signed by NHA. We disagree. An officer of the bank testified that "certain administrative information was added to the back of the forms marked 'For Bank Use Only,' but no changes have been made to the faces of the notes themselves." The notes, as introduced, confirm that the bank made only administrative notations and did not change "the contract of any party thereto in any respect." UCC § 3-407 (1) (Code Ann. § 109A-3—407 (1)). The bank having pierced appellants' pleadings as to that defense, it

became appellants' burden to introduce admissible evidence showing a factual dispute existed on the issue of alteration. Appellants failed to do so. Since the bank carried its burden as to that defense and since no genuine issue existed as to any other material fact, the trial court did not err in granting summary judgment for the bank.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED MAY 24, 1977 — DECIDED OCTOBER 3, 1977.

*Andrew A. Mickle,* for appellants.

*Gambrell, Russell, Killorin & Forbes, Harold L. Russell, Thomas W. Rhodes, J. Ralph McClelland, Jr., Edwin Marger,* for appellees.