### S91G0315. CHEELEY et al. v. HENDERSON.
(405 SE2d 865)

SMITH, Presiding Justice.

We granted a writ of certiorari to the Court of Appeals in *Cheeley v. Henderson*, 197 Ga. App. 543 (398 SE2d 787) (1990), and we reverse.

Mr. Henderson filed a legal malpractice action against the Cheeleys, but Mr. Henderson's requisite expert's affidavit failed to "set forth specifically at least one negligent act" as required by OCGA § 9-11-9.1 (a). The Cheeleys' responsive pleadings adequately raised the affidavit's deficiency, the Cheeleys' motion for summary judgment based on the insufficiency of the affidavit was denied by the trial court, and the Court of Appeals affirmed the trial court's denial.

1. The accepted rule in Georgia is that our appellate courts apply the law as it exists at the time of our judgment, rather than the law at the time the judgment was rendered by the lower court, as long as no vested rights under the previous law will be impaired, *City of Valdosta v. Singleton,* 197 Ga. 194, 197 (28 SE2d 759) (1944); *Peoples Bank v. N. C. Nat. Bank,* 230 Ga. 389, 391 (197 SE2d 352) (1973); therefore, we do not need to decide whether the 1989 amendment to OCGA § 9-11-9.1 (e) was merely a codification of the existing law.[1]

2. Subsection (e) of OCGA § 9-11-9.1 demands that we reverse this case. The contemporaneously filed affidavit failed to specify any negligent act or omission as required by OCGA § 9-11-9.1 (a); the responsive pleading adequately raised the insufficiency issue, and cure by amendment is prohibited under these facts. OCGA § 9-11-9.1 (e).

3. This is not a case in which the plaintiff had the correct affidavit and inadvertently failed to attach it to the complaint. *St. Joseph's Hosp. v. Nease,* 259 Ga. 153 (377 SE2d 847) (1989). This case involves the "misinterpretation of OCGA § 9-11-9.1 (a). . . ." *Cheeley,* 197 Ga. App. at 546. Because of the "misinterpretation," the requisite affidavit failed to comply with OCGA § 9-11-9.1 (a). Non-compliance with

---

[1] In *Glaser v. Meck*, 258 Ga. 468 (369 SE2d 912) (1988), this Court rejected the idea that a defective filing under the mandatory contemporaneous filing requirement could be cured by amendment when we stated that it could be cured by "dismiss[ing] the pending action, and fil[ing] a renewed action. . . ."

the Civil Practice Act is a basis for dismissing a plaintiff's action, OCGA § 9-11-41 (b), but the state's liberal amendment policy, OCGA § 9-11-15, typically allows amendments. However, according to OCGA § 9-11-9.1, the contemporaneous filing requirement is mandatory, and the General Assembly made it apparent when it enacted subsection (e) which provides that failure to comply with the contemporaneous filing requirements

> cannot be cured by amendment pursuant to Code Section 9-11-15 unless a court determines that the plaintiff had the requisite affidavit available prior to filing the complaint and the failure to file the affidavit was the result of a mistake.

The "requisite affidavit" was not filed contemporaneously with the complaint. The first affidavit failed to "set forth specifically at least one negligent act" and the trial court erred in denying the Cheeleys' motion for summary judgment and the Court of Appeals erred in affirming the trial court.

*Judgment reversed. All the Justices concur, except Weltner, Hunt, and Fletcher, JJ., who dissent.*

WELTNER, Justice, dissenting.

In my opinion, this case does not meet the standards for review by certiorari, as set out in Rules 29, 30 (1), and 30 (2), Rules of the Supreme Court of the State of Georgia.

This writ should be vacated.

I am authorized to state that Justice Hunt and Justice Fletcher join in this dissent.

HUNT, Justice, dissenting.

Justice Weltner's position that certiorari should be vacated is entirely correct. I write separately only to say that since certiorari was not vacated, we should at least confine our resolution of the case to the issues on appeal. The adequacy of the affidavit was not among those issues. No enumeration of error nor any argument involved the affidavit. This is not surprising, however, since on the grant of certiorari this court indicated an interest in two entirely separate issues, and in those issues alone.[2]

---

[2] Upon grant of the writ, this court notified the lawyers that it was concerned with two issues:

(1) Does an affidavit of one who has never tried a case as lead counsel or even assisted a lead counsel in the trial of a case, satisfy the requirements of OCGA § 9-11-9.1 in a legal malpractice action arising out of the manner in which counsel handled the trial of a case?

(2) Do the actions complained of by Henderson furnish a basis for legal malpractice

Moreover, the position taken by the majority concerning the adequacy of the affidavit is indefensible. It is completely inconsistent with at least the spirit, if not the words, of *Kneip v. Southern Engineering*, 260 Ga. 409 (395 SE2d 809) (1990) and *St. Joseph's Hosp. v. Nease*, 259 Ga. 153 (377 SE2d 847) (1989). I, therefore, respectfully dissent.

I am authorized to state that Justice Weltner and Justice Fletcher join this dissent.

### ON MOTION FOR RECONSIDERATION.

The statements by one of the written dissenters are confusing. He asserts that "we should at least confine our resolution of the case to the issues on appeal. The adequacy of the affidavit was not among those issues. No enumeration of error nor any argument involved the affidavit." Apparently our discretion as well as the facts of the case before us have been misunderstood by the dissenters.

The 1983 Constitution of the State of Georgia provides that "The Supreme Court may review by certiorari cases in the Court of Appeals which are of gravity or great public importance." Art. VI, Sec. VI, Par. V. Our statutory law provides that "[t]he writ of certiorari shall lie from the Supreme Court to the Court of Appeals as provided by [the above provision] of the Constitution of this State." OCGA § 5-6-15. In order to assist the parties, this Court engages in the practice of informing the parties of the issues that were of particular concern to the Court at the time the writ was granted. We give this instruction by stating that "The Court is particularly concerned with the following. . . ." Thereafter we pose a question or questions that we have determined are of particular interest to the Court; however, the posing of questions in no way limits this Court in its decision-making authority. We have absolute discretion to address any portion or all of the case before us. As stated in *Daniels v. State*, 248 Ga. 591, fn. 1 (285 SE2d 516) (1981):

> This court has the constitutional authority to require, by certiorari or otherwise, any case to be certified from the Court of Appeals, [Const. Art. VI, Sec. VI, Par. V; OCGA § 5-6-15], even before it is decided by that court, *Collins v. State*, 239 Ga. 400 (3) (236 SE2d 759) (1977), and without any application for certiorari being filed. *Collins v. State*, supra. *Having*

liability or are the actions protected from liability by the fact that they resulted from tactical decisions reached in the honest exercise of professional judgment?
Presumably, the writ was granted by the majority because answers to these questions would have shaped the body of the law in the expanding arena of professional malpractice and would have been of benefit to the bench and bar.

*the case before us, in its discretion this court can consider*
*any matter presented to or decided by the Court of Appeals.*
On certiorari, the case comes before us, not an isolated issue
in the case. (Emphasis supplied.)

This lays to rest any contention by the dissent that this Court should
not have taken up a matter not designated by any question posed in
the granting of the writ.

The majority realized that regardless of the two suggested ques-
tions, the plaintiff had no case in the court below because of a defec-
tive affidavit. Therefore, the judicious thing to do was to dispose of
this case upon its merits once and for all for the benefit of all in-
volved.

This Court, in a line of criminal cases beginning with *Barnes v.*
*State,* 244 Ga. 302 (260 SE2d 40) (1979), has held that although a
defendant did not challenge the constitutionality of a statute at the
trial level, we may exercise our discretion to decide the questions in
the interest of judicial economy so as to avoid the re-litigation of
these issues in a habeas corpus action. This Court did likewise in a
case involving a writ of mandamus. *Brown v. Housing Auth. of At-*
*lanta,* 240 Ga. 647 (242 SE2d 143) (1978). The Court stated in order
to avoid "additional yet unavoidable litigation" and in the interest of
judicial economy, it would consider the constitutional question even
though not enumerated as error in the appeal.

The dissent asserts that there was "no enumeration of error" re-
garding the adequacy of the affidavit; however, the first error enumer-
ated in the appellant's application for the writ was the following:
"Henderson's expert affidavit is insufficient to support a charge of
professional malpractice, both under the plain meaning of O. C. G. A.
§9-11-9.1 (a) and under the applicable cases." The argument ad-
vanced in support of the error enumerated in the petition was: "No-
where in Metzloff's affidavit did he *once* specifically set forth a negli-
gent act or omission, nor did he set forth the factual basis for any
alleged claims of negligence."

The dissent also asserts that the adequacy of the affidavit was
not raised in "any argument"; however, the issue of the affidavit was
raised during oral argument, in the appellants' brief, and the appel-
lants stated in their supplemental brief:

Justice Clarke asked in oral argument whether the Cheeleys
raised the issue of the sufficiency of the expert's affidavit
throughout the trial and appellate proceedings in this case.
The Cheeleys first raised this issue affirmatively in their an-
swer to the complaint in which they stated that the plaintiff
has not performed all conditions precedent to the filing of

this malpractice action. R.35. The issue was also raised at the trial level in the Cheeleys' Motion for Summary Judgment as was included in their Enumeration of Error in the Court of Appeals. R. 253-280. The issue was preserved in the Cheeleys' Motion for Rehearing to the Court of Appeals and in their Application to the Supreme Court for a Writ of Certiorari.

. . .

As set out herein, the issue of the sufficiency of the plaintiff's expert affidavit has been raised since the trial court by the Cheeleys. Therefore, this issue is clearly properly before the Court at this time. [Cit.]

The appellee argued in his brief that although the appellants "attacked the sufficiency of the affidavit, it was on the internal structure of the affidavit and *not* on the basis [of expert competency.]" After reviewing the record, and the appellee's argument, we declined to address the question posed when the writ was granted and rather looked to the errors enumerated by the appellant. A review of the record indicated that from the inception of this case the appellants have argued that the affidavit was insufficient. The appellants stated in their brief before this Court:

In considering the necessity of requiring that a lawyer with trial experience serve as an expert in a case such as this one, this Court need look no further than Metzloff's original affidavit and his testimony regarding it. O. C. G. A. §9-11-9.1 clearly requires that the affidavit "set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." Metzloff, however, bungled this simple requirement. His affidavit does not set forth any negligent act or omission, nor does he set forth the factual basis for any alleged claims of negligence. (At p. 20.)

The plaintiff failed to comply with the statute's mandatory requirements. If, by mistake, a party inadvertently fails to file the requisite affidavit contemporaneously with the complaint, it is an amendable defect. *St. Joseph's Hosp. v. Nease,* 259 Ga. 153 (377 SE2d 847) (1989); OCGA § 9-11-9.1 (e). This was not such a case. This case involved a failure to comply with the statute. The Court of Appeals specifically found that the law was "misinterpreted," and the result of the misinterpretation was the failure "to incorporate *into the affidavit itself* the specific negligent acts and omissions. . . ." The affidavit was statutorily insufficient because of the "misinterpretation" of the law.

Everyone is presumed to know the law, and the law never favors those who misinterpret it. For example, this Court granted an out-of-time appeal to an accused whose attorney misinterpreted the law in *McAuliffe v. Rutledge*, 231 Ga. 745, 746 (204 SE2d 141) (1974), where this Court held:

> An attorney who through negligence, ignorance, or *misinterpretation of the law as contended here, fails to perform routine duties resulting in a dismissal of his client's appeal,* thereby denying such client of a right of review after conviction cannot be said to be rendering effective assistance. The result is the same as no assistance at all. (Emphasis supplied.)

DECIDED JUNE 27, 1991 —
RECONSIDERATION DENIED JULY 26, 1991.

Goodman, McGuffey, Aust & Lindsey, William S. Goodman, Edward H. Lindsey, Jr., Webb, Carlock, Copeland, Semler & Stair, Thomas S. Carlock, for appellants.
Jones, Brown & Brennan, Taylor W. Jones, Myles E. Eastwood, McGuire & Harper, James D. McGuire, for appellee.