### A91A1008. THOMPSON v. LONG.
(411 SE2d 322)

POPE, Judge.

In this medical malpractice case, plaintiff Edna T. Thompson appeals the trial court's grant of defendant's motion to dismiss. On July 25, 1988, plaintiff delivered a stillborn child during an emergency Cesarean section operation performed by defendant Crawford W. Long, M.D. On July 25, 1990, the day on which the statute of limitation would expire for any cause of action plaintiff might have against the defendant arising from the stillborn death of her child, plaintiff filed a pro se complaint against defendant alleging professional malpractice. Paragraph 13 of the complaint stated in pertinent part: "An Affidavit specifically setting forth at least one negligent act or omission claimed to exist and the factual basis for such claim is attached hereto and made a part of this petition by reference and is listed as 'Exhibit A.'" Plaintiff, however, failed to attach the described affidavit.

OCGA § 9-11-9.1 mandates that an affidavit of an expert competent to testify about any alleged malpractice accompany a charge of professional malpractice. Except under certain circumstances specifically set forth in the statute, subsection (a) of OCGA § 9-11-9.1 requires that the expert's affidavit be contemporaneously filed with the complaint. It is undisputed that at the time plaintiff filed her complaint, she did not have the requisite affidavit.

On August 24, 1990, defendant filed his answer to the complaint and asserted as a defense that plaintiff had failed to comply with the requirements of OCGA § 9-11-9.1. Seven days later, defendant filed a motion to dismiss for failure to comply with OCGA § 9-11-9.1.

Plaintiff subsequently obtained counsel to represent her, who filed an amendment to the complaint to omit the sentence from paragraph 13 of the complaint quoted above and substitute in lieu thereof the following: "The Plaintiff does hereby show that this Complaint is filed within ten (10) days of the expiration of the applicable statute of limitations and because of such time constraints, the Plaintiff has not been able to obtain the affidavit of an expert. Such an affidavit will be attached by amendment to the Complaint." The purpose of that amendment was to bring this case within subsection (b) of OCGA § 9-11-9.1, which provides: "The contemporaneous filing requirement of subsection (a) of this Code section shall not apply to any case in which the period of limitation will expire within ten days of the date

of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of an expert could not be prepared. In such cases, the plaintiff shall have 45 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause extend such time as it shall determine justice requires." Within the 45-day period provided by subsection (b), plaintiff filed a supplement to the complaint attaching the requisite affidavit. In support of her motion to amend her complaint and in opposition to defendant's motion to dismiss, plaintiff filed an affidavit in which she averred that at the time she filed her complaint, she thought she had to allege an affidavit was attached to the complaint, but that she would be able to obtain it and file it afterwards.

The trial court granted the defendant's motion to dismiss finding that the protection afforded by OCGA § 9-11-9.1 (b) must be specifically invoked by allegation in the complaint. The trial court further found that this case is governed by OCGA § 9-11-9.1 (e) , which provides that if the plaintiff fails to file the requisite affidavit and the defendant raises that defect in his initial responsive pleading, the plaintiff may not cure the defect by amendment unless the court determines that the plaintiff had the requisite affidavit prior to filing the complaint.

1. Subsection (e) specifically excepts cases governed by subsection (b), as plaintiff contends this one is, from its edicts. The real issue in this case is whether the plaintiff should be allowed to amend her complaint to invoke the protections of subsection (b), although she failed to allege that she was relying on that subsection when she originally filed her complaint. We hold that under the circumstances of this case, the plaintiff can amend her complaint.

It is undisputed that plaintiff filed her cause of action within ten days of the expiration of the applicable statute of limitation for her claim, and therefore, she would clearly be entitled to invoke the protections of OCGA § 9-11-9.1 (b) if she had made the proper allegations in her complaint when it was first filed. OCGA § 9-11-8 (f) requires that "[a]ll pleadings . . . be so construed as to do substantial justice." See *Glaser v. Meck*, 258 Ga. 468 (3) (369 SE2d 912) (1988). This court has repeatedly held that the spirit and intent of the Civil Practice Act require that pleadings are to be liberally construed in favor of the pleader. *Mills v. Bing*, 181 Ga. App. 475, 476 (352 SE2d 798) (1987); *Tahamtan v. Dixie Ornamental Iron Co.*, 143 Ga. App. 561 (239 SE2d 217) (1977). Pro se pleadings are held to less stringent standards than pleadings that are drafted by lawyers. *Evans v. City of Atlanta*, 189 Ga. App. 566, 567 (377 SE2d 31) (1988); see *Haines v. Kerner*, 404 U. S. 519 (92 SC 594, 30 LE2d 652) (1972), *Dillingham v. Doctors Clinic*, 236 Ga. 302 (223 SE2d 625) (1976). As our Supreme

Court noted in *St. Joseph's Hosp. v. Nease*, 259 Ga. 153, 154 (377 SE2d 847) (1989), the language of OCGA § 9-11-9.1 (b) "shows a clear legislative intent to give a plaintiff extra time to secure an affidavit when the statute of limitation is about to expire."

To require a pro se plaintiff to include certain "magic language" in his complaint, or suffer dismissal, places pleading formalities above the legislative purpose behind this statute. At the time plaintiff filed her complaint, defendant and his counsel were put on notice at a minimum that plaintiff was asserting a malpractice claim against defendant and her claim was being asserted within ten days of expiration of the applicable statute of limitation which would generally allow plaintiff to invoke the exception provided by subsection (b). Plaintiff filed the requisite affidavit within the 45-day period provided by subsection (b). Thus, defendant is in no worse position than if the plaintiff had understood the language of OCGA § 9-11-9.1 and originally inserted the language required by subsection (b) of that statute in the complaint. Accordingly, the trial court should have denied defendant's motion to dismiss.

2. Defendant further argues that the affidavit filed was not legally sufficient. In its original order granting defendant's motion to dismiss, the trial court found that the legal insufficiency of the affidavit provided an alternative basis for granting defendant's motion. Upon plaintiff's motion for reconsideration of that order, however, the trial court vacated that portion of the order finding, inter alia, that the defendant did not raise this issue. Nevertheless defendant urges us to affirm the trial court's order of dismissal on the basis of legal insufficiency. Because this issue was not raised at the trial court, it presents nothing for appellate review. *St. Joseph's Hosp.*, supra at (2).

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

### ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, defendant argues that this opinion "violates" the Georgia Supreme Court's decision in *Cheeley v. Henderson*, 261 Ga. 498 (405 SE2d 865) (1991). The affidavit in the *Cheeley* case, however, was clearly governed by subsection (a) of OCGA § 9-11-9.1, not subsection (b) as in this case. The affidavit in this case was filed within the time period allowed by subsection (b).

Defendant also urges us again to consider the sufficiency of the affidavit filed by the plaintiff, an issue which the trial court noted was not raised by the defendant at the trial level. This court is a court for the correction of errors and for that reason enumerations of error which raise questions for the first time on appeal present nothing for decision by this court. *St. Joseph's Hosp. v. Nease*, 259 Ga. 153, 155 (377 SE2d 847) (1989). Furthermore, unlike the trial court in our ear-

lier decision on which defendant relies, *Gooden v. Ga. Baptist Hosp. &c.*, 198 Ga. App. 407 (401 SE2d 602) (1991), the trial court in this case has not had an opportunity to consider whether the plaintiff had the requisite affidavit within the additional 45-day period provided by subsection (b) or if the plaintiff's failure to file a satisfactory affidavit was the result of mistake.

*Motion for reconsideration denied.*

DECIDED SEPTEMBER 19, 1991 —
RECONSIDERATION DENIED OCTOBER 15, 1991 — 

*McGee & Oxford, Andrew J. Hinton, Jr.*, for appellant.
*Sullivan, Hall, Booth & Smith, Henry D. Green, Jr.*, for appellee.