A92A0964. WRIGHT v. CRAWFORD LONG HOSPITAL OF EMORY UNIVERSITY et al.
(423 SE2d 12)

SOGNIER, Chief Judge.

Christine Wright brought a medical malpractice claim against Crawford Long Hospital and six physicians. Her complaint, as amended, was dismissed for noncompliance with OCGA § 9-11-9.1, and she appeals.

In her complaint appellant alleged that defendants were liable for

damages she incurred when an introducer wire was left in her body during catheterization procedures performed in July 1989. Appellant attached to her complaint the deposition of Dr. Pamela Benitez, the surgeon who discovered and removed the wire in December 1989. In this deposition, which was given in a Michigan lawsuit, Dr. Benitez testified that leaving a broken catheter threader wire in a patient's body violated the applicable standard of care. However, Dr. Benitez also stated that the wire she removed was not the kind of wire used to thread a catheterization line and that she did not recognize the type of wire and was unable to identify a medical procedure in which such a wire would be used. In addition, Dr. Benitez testified that she had not reviewed appellant's medical records pertaining to the procedures performed by appellees and did not know the names of appellant's Georgia physicians.

Four days after filing her complaint, appellant amended it to allege that the statute of limitation would expire within ten days of filing and that because of this time constraint she was unable to obtain the required affidavit before filing the complaint. Appellees raised the issue of noncompliance with OCGA § 9-11-9.1 in their answers and motions to dismiss. In her second amendment to the complaint, filed 41 days after the complaint was filed, appellant attached the affidavit of Dr. Jose Evangelista, who averred that he had reviewed the records of appellees' treatment of appellant and had determined that appellees were negligent in failing to remove a catheter guide wire and in failing to so inform appellant. The trial court dismissed the complaint on the basis that Dr. Benitez's deposition testimony did not satisfy the requirements of OCGA § 9-11-9.1 (a) and that appellant could not amend the action to add Dr. Evangelista's affidavit because the original complaint did not include the language required by OCGA § 9-11-9.1 (b).

1. Contrary to appellant's contentions, the deposition did not meet the requirement of "set[ting] forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim," OCGA § 9-11-9.1 (a), as Dr. Benitez did not identify any negligent act committed by appellees and was unable even to speculate as to the source of the wire. See *Piedmont Hosp. v. Milton*, 189 Ga. App. 563, 564 (377 SE2d 198) (1988). Thus, the complaint as originally filed was subject to dismissal for noncompliance with OCGA § 9-11-9.1

2. Alternatively, appellant contends she properly amended her complaint under either OCGA § 9-11-9.1 (b) or (c). The statute permits amendment of a complaint to add the required affidavit only in limited circumstances: (1) if the statute of limitation will expire within ten days and the plaintiff alleges that an expert affidavit could not be prepared because of time constraints (OCGA § 9-11-9.1 (b)); or

(2) if the court determines that the plaintiff had the requisite affidavit available before the complaint was filed and the failure to file "was the result of a mistake" (id. at (e)). Paragraph (e) does not apply because Dr. Evangelista's affidavit was dated after suit was filed, and appellant does not contend the affidavit was available prior to filing. See *Cheeley v. Henderson*, 261 Ga. 498 (3) (405 SE2d 865) (1991); compare *Hospital Auth. of Fulton County v. McDaniel*, 192 Ga. App. 398 (385 SE2d 8) (1989). Paragraph (b) likewise is inapplicable because appellant did not allege in her original complaint that she was unable to obtain an affidavit because of time constraints, but instead alleged that the requisite affidavit — the deposition of Dr. Benitez — *was* attached to and filed with the complaint, but the deposition was insufficient.

Appellant maintains that under the liberal amendment provisions of OCGA § 9-11-15, she was entitled to amend her complaint to add the allegations required by OCGA § 9-11-9.1 (b) and then to file a second amendment to add the affidavit as contemplated by paragraph (b). We disagree, for in *Cheeley*, supra, the Supreme Court held that the contemporaneous filing requirement is mandatory and that the filing of an insufficient affidavit cannot be cured by amendment unless the requirements of paragraph (e) are met. As the court noted, paragraph (e) expressly states that the failure to comply with the contemporaneous filing requirement cannot be cured by amendment under OCGA § 9-11-15 unless the affidavit was available prior to the filing of the complaint but was not filed due to a mistake. *Cheeley*, supra at 499. The legislature clearly has limited the manner in which OCGA § 9-11-15 is applied in malpractice cases and has authorized amendment only in certain limited circumstances not present here.

Although this court reached a contrary result in *Thompson v. Long*, 201 Ga. App. 480 (411 SE2d 322) (1991), that case involved a pro se plaintiff and applied the less stringent pleading standard used in pro se cases but not applicable here. Moreover, the *Thompson* plaintiff clearly had intended from the outset to proceed under paragraph (b) — i.e., to file the complaint just before the statute of limitation expired and then to obtain and file the affidavit thereafter — but neglected to add the "magic language" in her pleading, id. at 482, whereas here appellant originally filed a deposition she alleged met the requirements of paragraph (a). Thus, this case, like *Cheeley*, "involves the misinterpretation of OCGA § 9-11-9.1 (a). . . . Because of the misinterpretation, the requisite affidavit [filed with the complaint] failed to comply with OCGA § 9-11-9.1 (a)." (Punctuation and citation omitted.) *Cheeley*, supra at 498 (3). Accordingly, the trial court properly granted appellees' motions to dismiss.

3. Since the trial court did not rule on appellant's contentions that OCGA § 9-11-9.1 is unconstitutional, her enumerations on that

issue present nothing for appellate review. *In re Parrott*, 194 Ga. App. 856 (392 SE2d 48) (1990).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 8, 1992 —
RECONSIDERATION DENIED OCTOBER 1, 1992 —

*Siler & Associates, William A. Dinges, Jonap & Associates, Arthur C. Nilsen*, for appellant.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, J. M. Hudgins IV, Johnathan T. Krawcheck, Love & Willingham, John A. Gilleland, Allen & Peters, Hunter S. Allen, Jr.*, for appellees.