A95A2157. KEEFE et al. v. NORTHSIDE HOSPITAL, INC.
(467 SE2d 9)

BEASLEY, Chief Judge.

In this medical malpractice action, the Keefes stated in their complaint that "[p]ursuant to OCGA § 9-11-9.1, the Plaintiffs are filing this cause of action within ten (10) days of the statute of limitations, and the Plaintiffs by law shall supplement and amend to this Complaint within forty-five (45) days a pertinent Affidavit of an expert competent to testify pursuant to the above-captioned statute, and as to the breach of Defendant's standard of care." The plaintiffs then did as they alleged they would do and filed the affidavit, well within the 45-day period.

In its answer and in a motion to dismiss, the defendant hospital asserted that the complaint should be dismissed because plaintiffs failed to properly and timely file an expert affidavit, as required by OCGA § 9-11-9.1 (a), and failed to properly invoke the 45-day extension of time for filing the expert affidavit, pursuant to OCGA § 9-11-

9.1 (b). In opposition, plaintiffs argued that by filing their action within ten days of the expiration of the statute of limitation and by putting the defendant on notice that they were invoking their automatic right under OCGA § 9-11-9.1 to file an amended complaint with a proper affidavit within 45 days, they met subsection (b)'s requirements. Plaintiffs appeal the court's grant of the motion to dismiss.

Ordinarily, an expert's affidavit must be filed with any complaint alleging professional malpractice. OCGA § 9-11-9.1 (a); *St. Joseph's Hosp. v. Nease*, 259 Ga. 153, 154 (1) (a) (377 SE2d 847) (1989). But an exception to the contemporaneous filing requirement was created in OCGA § 9-11-9.1 (b). It gives a plaintiff an automatic right to supplement the complaint with a supporting affidavit within 45 days after the filing of the complaint, when two requirements are met: first, "the period of limitation will expire within ten days of the date of filing"; second, "because of such time constraints, the plaintiff has *alleged* that an affidavit of an expert could not be prepared." (Emphasis supplied.)

As to the first requirement, a plaintiff is not entitled to invoke the 45-day delay provisions of OCGA § 9-11-9.1 (b) when the applicable statute of limitation would not expire within ten days of the date of the filing of the complaint. *Coleman v. Hicks*, 209 Ga. App. 467, 469 (2) (433 SE2d 621) (1993); *Legum v. Crouch*, 208 Ga. App. 185, 189 (3) (430 SE2d 360) (1993).

As to the second requirement, in order to invoke the protections of subsection (b) the plaintiff must allege in the complaint that because of the time constraints, the expert affidavit could not be prepared. See *Piedmont Hosp. v. Draper*, 205 Ga. App. 160, 161 (1) (421 SE2d 543) (1992); *Emory Clinic v. Wyatt*, 200 Ga. App. 184 (1) (407 SE2d 135) (1991); *Wright v. Crawford Long Hosp. &c.*, 205 Ga. App. 653, 655 (2) (423 SE2d 12) (1992); *Thompson v. Long*, 201 Ga. App. 480, 481 (1) (411 SE2d 322) (1991).

This is not mere verbiage but rather representation of a fact, a fact which is a necessary ingredient for the applicability of the grace period. It is not subject to challenge, if the affidavit is actually filed within the 45-day period. *Works v. Aupont*, 219 Ga. App. 577 (465 SE2d 717) (1995), held that "the trial court [has] no discretion in questioning plaintiffs' excuse for noncompliance with OCGA § 9-11-9.1 (a)." Id. at 578. The representation of fact, which is made by the attorney who signs the pleading, is conclusively presumed to be true. The court in effect relies for truthfulness on fulfillment of the attorney's duty as provided in OCGA § 15-19-4 (2). See also Directory Rules 1-102 (A) (4), (5) and 7-102 (A) (5) of the Georgia Code of Professional Responsibility. The significance of the fact is that on it hinges the viability of the complaint. We are constrained by its important role, as well as by rules of statutory construction, to hold that

the allegation may not be merely implied, as was arguably done in this case. Instead, it must be stated.

Cases such as *Crook v. Funk*, 214 Ga. App. 213 (447 SE2d 60) (1994); *Dept. of Transp. v. Gilmore*, 209 Ga. App. 656 (434 SE2d 114) (1993), and *Brake v. Mintz*, 193 Ga. App. 662 (388 SE2d 715) (1989), do not constitute conflicting authority, because none held that OCGA § 9-11-9.1 (b) had or had not been properly invoked.

In its requirement that the complaint contain the specified allegation, subsection (b) establishes an exception to the general liberality of pleading permitted under the Civil Practice Act, OCGA § 9-11-8. See *0-1 Drs. Mem. Holding Co. v. Moore*, 190 Ga. App. 286, 288 (1) (378 SE2d 708) (1989). As noted in *Brake*, supra at 667, "The Legislature, in its wisdom, enacted procedural standards stricter for plaintiffs in professional malpractice suits than for plaintiffs in other suits."

We did hold in *Thompson* that the complaint of a pro se plaintiff was not subject to dismissal even though she had not made the proper allegations. We also recognized in *Wright* that *Thompson* involved a pro se plaintiff so as to warrant the less stringent pleading standard used when appropriate in pro se cases. It is not applicable here. Plaintiffs, who are represented by counsel, were not entitled to the extension provided by OCGA § 9-11-9.1 (b) because they did not make the statutory allegation in the complaint.

Because the defendant raised the failure to comply with OCGA § 9-11-9.1 in its initial responsive pleading, the complaint was subject to dismissal under OCGA § 9-11-9.1 (e) for failure to state a claim for relief, which cannot be cured by amendment pursuant to OCGA § 9-11-15. Compare *Sisk v. Patel*, 217 Ga. App. 156 (456 SE2d 718) (1995).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 19, 1996 — 

*Belcher, Pakchar & Sams, Pat E. Belcher II, Jay W. Pakchar*, for appellants.

*Goldner, Sommers, Scrudder & Bass, Susan V. Sommers, Tammy S. Skinner*, for appellee.