### A97A0110. ANDERSON et al. v. NAVARRO.
(489 SE2d 40)

RUFFIN, Judge.

This is a medical malpractice case in which the trial court dismissed the appellants' complaint because they failed to comply with the affidavit requirements of OCGA § 9-11-9.1. We affirm.

The relevant facts are not disputed. On November 29, 1993, Linda and Thomas Anderson filed a medical malpractice action against Romulo Navarro, M.D.[1] The Andersons did not attach an expert affidavit to the complaint, but alleged: "[t]he affidavit of an expert as required by Georgia Code Annotated Section 9-11-91 [sic] is not attached, but will be filed within 45 days of the filing of this complaint as permitted under the provisions of Georgia Code Annotated Section 9-11-91(b) [sic]." In his answer, Navarro raised the issue that the Andersons failed to comply with OCGA § 9-11-9.1. On January 13, 1994, the Andersons filed the expert medical affidavit of Dr. Robert Koch.

On August 11, 1994, Navarro moved for summary judgment on the ground that the Andersons failed to comply with the affidavit requirements of OCGA § 9-11-9.1. On August 26, 1994, the trial court entered a pretrial order. The Andersons subsequently responded to Navarro's motion for summary judgment. On January 4, 1995, after Navarro and the Andersons filed supplemental briefs, the trial court heard oral argument on Navarro's motion. On April 2, 1996, after the parties further supplemented the record, the trial court heard additional oral argument on Navarro's motion. On that same day, the Andersons, without motion or leave of court, filed an "amendment" to their original complaint in which they attempted to cure the OCGA § 9-11-9.1 deficiencies in their original complaint. The trial court subsequently granted Navarro's motion and dismissed the Andersons'

---

[1] Thomas Anderson was added as a plaintiff by order of the trial court entered November 9, 1995. Pursuant to OCGA § 9-11-15 (c), the amendment related back to the date of the original complaint. See Morris v. Chewning, 201 Ga. App. 658 (411 SE2d 891) (1991).

complaint due to their failure to comply with OCGA § 9-11-9.1.

OCGA § 9-11-9.1 (a) requires a plaintiff alleging medical malpractice to file an expert affidavit with the complaint. OCGA § 9-11-9.1 (b) provides that "[t]he contemporaneous filing requirement of subsection (a) . . . shall not apply to any case in which the period of limitation will expire within ten days of the date of filing and, because of such time constraints, the plaintiff *has alleged* that an affidavit of an expert could not be prepared. In such cases, the plaintiff shall have 45 days after the filing of the complaint to supplement the pleadings with the affidavit." (Emphasis supplied.) "Except as allowed under subsection (b)[,] . . . if a plaintiff fails to file an affidavit as required by this Code section contemporaneously with a complaint alleging professional malpractice and the defendant raises the failure to file such an affidavit in its initial responsive pleading, such complaint is subject to dismissal for failure to state a claim and cannot be cured by amendment pursuant to Code Section 9-11-15 unless a court determines that the plaintiff had the requisite affidavit available prior to filing the complaint and the failure to file the affidavit was the result of a mistake." OCGA § 9-11-9.1 (e).

"[I]n order to invoke the protections of subsection (b), the plaintiff must allege in the complaint that because of the time constraints, the expert affidavit could not be prepared. [Cits.]" *Keefe v. Northside Hosp.*, 219 Ga. App. 875, 876 (467 SE2d 9) (1996). "This is not mere verbiage but rather representation of a fact, a fact which is a necessary ingredient for the applicability of the grace period." Id.

In this case, the Andersons did not file the affidavit with their complaint as required by OCGA § 9-11-9.1 (a). Neither did they allege that the period of limitation was due to expire within ten days, that an affidavit could not be filed due to the time constraints imposed by the period of limitation, or that the affidavit was available prior to filing their complaint but was not filed due to mistake. Finally, as stated above, the record shows that Navarro asserted in his answer that the Andersons failed to comply with OCGA § 9-11-9.1. Under such circumstances, the Andersons' complaint failed to comply with the above requirements.

The Andersons argue, however, that they cured the deficiencies with the April 2, 1996 "amendment," and cite as support for the propriety of the amendment *Glisson v. Hosp. Auth. of Valdosta &c.*, 224 Ga. App. 649 (481 SE2d 612) (1997). In *Glisson*, however, the plaintiff *"immediately* amended the complaint to provide language in full compliance with OCGA § 9-11-9.1 (b)." (Emphasis supplied.) Id. at 652. In the instant case, the Andersons *attempted* to amend their complaint without leave of court or Navarro's written consent approximately 20 months after Navarro moved to dismiss the complaint and, more importantly, approximately 19 months after entry

of the pretrial order.

OCGA § 9-11-15 (a) provides that a complaint may be amended after entry of the pretrial order only with leave of court or written consent of the adverse party. *Gaul v. Kennedy*, 246 Ga. 290 (1) (271 SE2d 196) (1980). In this case, the Andersons had neither leave of court nor consent. Accordingly, the purported amendment did not remedy the OCGA § 9-11-9.1 deficiency in the original complaint. Absent such amendment, and in light of the original deficiency, the trial court properly dismissed the Andersons' complaint. See *Keefe*, supra.

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JUNE 19, 1997 —
RECONSIDERATION DENIED JULY 10, 1997 — 

*Hudson & Solomon, James D. Hudson*, for appellants.
*Dillard, Bower & East, Terry A. Dillard, Bryant H. Bower, Jr.*, for appellee.