A01A1611. SULLIVAN et al. v. FREDERICKS.
(554 SE2d 809)

SMITH, Presiding Judge.

The trial court granted the motion to dismiss filed by Craig Fredericks, a defendant in a medical malpractice action. The motion was based on the failure of the plaintiffs, Harold and Linda Sullivan, to comply with the affidavit requirements of OCGA § 9-11-9.1. We agree that dismissal was warranted, and we affirm.

Fredericks, a neurosurgeon, performed three operations on Harold Sullivan. On May 20, 1998, Fredericks fused two of Sullivan's lower vertebrae, and on June 10, 1998, Fredericks inserted two metal screws in the same vertebrae. On June 11, Sullivan returned to surgery, where Fredericks, according to his records, performed "[r]einsertion of pedicle screw fixation device with locking device." In their complaint, filed May 18, 2000, the Sullivans alleged that the June 11 surgery was necessitated by Fredericks's failure to put clamps on the ends of the screws he had inserted into Sullivan's vertebrae on June 10. They alleged that Fredericks was negligent in his

failure to insert the necessary screws during the first surgery, on May 20, and that he was further negligent in failing to put the necessary clamps on the ends of the screws when he inserted them during the June 10 procedure.[1] An expert affidavit, as required by OCGA § 9-11-9.1 (a), was not filed contemporaneously with the complaint, and the complaint did not contain language required by OCGA § 9-11-9.1 (b), stating that because of time requirements, an affidavit could not be obtained.

On July 3, 2000, Fredericks filed a motion to dismiss based on the failure to comply with the affidavit requirement of OCGA § 9-11-9.1 (a). Also on that day, the Sullivans filed a faxed copy of the affidavit of Jeffrey Morris, M.D. In his affidavit, Morris did not appear to criticize Fredericks's actions with regard to the May 20 surgery but instead addressed the June 10 procedure, stating that Fredericks deviated from the standard of care by failing to insure that all parts of the pedicle screws were properly inserted.[2] On July 7, 2000, the Sullivans amended their complaint to substitute Morris's original affidavit for the faxed affidavit but again did not allege the language required by OCGA § 9-11-9.1 (b).

Under OCGA § 9-11-9.1 (a), an expert's affidavit must be filed with any complaint alleging professional malpractice. This contemporaneous filing requirement is not applicable, and a plaintiff has an automatic right to file the affidavit within 45 days of filing the complaint, however, in the following limited circumstances: (1) when the limitation period will expire within ten days of the date of filing the complaint; and (2) when the plaintiff alleges that because of the time constraints an expert affidavit could not be prepared. OCGA § 9-11-9.1 (b). The second requirement must be alleged in the complaint; it cannot be implied. *Keefe v. Northside Hosp.*, 219 Ga. App. 875, 876 (467 SE2d 9) (1996). This requirement is not simply a technicality; it "is not mere verbiage but rather representation of a fact, a fact which is a necessary ingredient for the applicability of the grace period." (Citation and punctuation omitted.) *Anderson v. Navarro*, 227 Ga. App. 184, 185 (489 SE2d 40) (1997).

When the Sullivans filed their complaint for professional malpractice, they failed to file the affidavit required by OCGA § 9-11-9.1 (a). Further, they did not allege that because of time constraints, they could not file an expert affidavit, and as discussed above, this was a mandatory requirement. It is true that a complaint may be amended under OCGA § 9-11-15 to comply with OCGA § 9-11-9.1 (b).

---

[1] South Georgia Anesthesia Associates was also named as a defendant in the complaint but was subsequently dismissed without prejudice.

[2] In their opposition to Fredericks's motion to dismiss, the Sullivans acknowledge "that only the acts of June 10, 1998, constituted acts of medical negligence."

*Peterson v. Columbus Med. Center Foundation*, 243 Ga. App. 749, 751 (1) (533 SE2d 749) (2000). The Sullivans failed to take advantage of this avenue; although they amended their complaint, they did not make the allegation required by OCGA § 9-11-9.1 (b). Their complaint was therefore properly dismissed. See *Keefe*, supra; *Anderson*, supra.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED OCTOBER 9, 2001 — 

Allen & Forehand, Rodney L. Allen, for appellants.
Coleman, Talley, Newbern, Kurrie, Preston & Holland, Wade H. Coleman, Edward F. Preston, for appellee.