## A01A1368. CABEY v. DEKALB MEDICAL CENTER.
(555 SE2d 742)

SMITH, Presiding Judge.

Annette Cabey appeals from an order dismissing her action against DeKalb Medical Center alleging medical malpractice and wrongful death. In her complaint, Cabey alleged that the hospital's negligence caused the stillbirth of her child. In four enumerations of error, Cabey contends the trial court erred in denying her motion for an extension of time to file an expert affidavit, in failing to hold a hearing on her motion, and in granting the hospital's motion to dismiss her complaint. Because we find that Cabey did not file an affidavit with her complaint as required by OCGA § 9-11-9.1 (a) and did not properly invoke the provisions of OCGA § 9-11-9.1 (b), either in the original complaint or in her amendment to that complaint, we find that it was unnecessary for the trial court to hold a hearing on Cabey's motion and that the trial court properly denied Cabey's motion for an extension of time and granted the hospital's motion to dismiss.

1. The record shows that Cabey filed her original, pro se complaint on May 25, 2000. The alleged malpractice occurred on May 22, 1998. Cabey's complaint was therefore filed within ten days of the expiration of the applicable statute of limitation. OCGA § 9-3-71 (a). She did not allege in that complaint that the statute of limitation would expire within ten days, nor did she allege that because of time constraints she was unable to provide an expert affidavit. She did not attach an expert affidavit or seek a 45-day extension, as provided for in OCGA § 9-11-9.1 (b). On June 2, 2000, Cabey sought to amend her original complaint. Although she requested a 45-day extension to provide a "medical affidavit," she again did not allege that the limitation period had expired within ten days of filing her original complaint or that because of time constraints she had been unable to obtain an expert affidavit. On July 6, 2000, Cabey filed a "Motion for Extension of Time to File Affidavit." The motion alleged no cause for requesting the extension, did not demonstrate any attempts to obtain the affidavit, and again did not allege that the limitation period had expired within ten days of filing the original complaint. On July 11, 2000, the hospital filed its answer and a motion to dismiss the complaint. On September 1, 2000, counsel entered an appearance on behalf of Cabey, and on September 5, 2000, filed an amended motion for extension of time and a second amended complaint, which attached the affidavit of a registered nurse. On October 23, 2000, the trial court entered an order denying the motion for extension of time and granting the hospital's motion to dismiss.

OCGA § 9-11-9.1 (a) provides that an expert's affidavit must be filed with any complaint alleging professional malpractice. OCGA

§ 9-11-9.1 (b) provides an exception to this contemporaneous filing requirement. It gives a plaintiff an automatic right to file such a supporting affidavit within forty-five days of filing the complaint when two requirements are met: (1) when the limitation period will expire within ten days of the date of filing the complaint; and (2) when the plaintiff alleges that because of the time constraints an expert affidavit could not be prepared. The second requirement must be alleged in the complaint. "This is not mere verbiage but rather representation of a fact, a fact which is a necessary ingredient for the applicability of the grace period." (Punctuation omitted.) *Anderson v. Navarro,* 227 Ga. App. 184, 185 (489 SE2d 40) (1997). A complaint may be amended to assert that because of time constraints engendered by the fact that the limitation period would have expired within ten days of filing the complaint, no expert affidavit could be provided. This may be done within the initial 45-day period, or, when good cause is shown, even after the expiration of that time period. *Labovitz v. Hopkinson,* 271 Ga. 330, 333 (2) (519 SE2d 672) (1999); *Peterson v. Columbus Med. Center Foundation,* 243 Ga. App. 749, 751-752 (1) (a) (533 SE2d 749) (2000).

At the time the trial court entered its order, Cabey still had not satisfied the requirements of OCGA § 9-11-9.1 (b). She had not alleged in her amended complaint that the limitation period would expire within ten days of filing the complaint or that because of the time constraints imposed by the expiration of the limitation period she had been unable to obtain an expert affidavit. The complaint was therefore subject to dismissal. *Keefe v. Northside Hosp.,* 219 Ga. App. 875, 877 (467 SE2d 9) (1996). Compare *Peterson,* supra (notwithstanding that complaint was amended more than 45 days after filing, amended complaint could be considered because plaintiff had "triggered" provisions of OCGA § 9-11-9.1 (b)).

2. Cabey never requested a hearing on her motion for an extension of time. Uniform Superior Court Rule 6.3 provides that "[u]nless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict." It was therefore not error for the trial court to decide Cabey's motion for an extension of time without holding a hearing.

Moreover, since Cabey had not "triggered" the provisions of OCGA § 9-11-9.1 (b) providing an initial 45-day extension of time, no "additional" extension could be granted even had a hearing been held.

3. Even had Cabey triggered the provisions of OCGA § 9-11-9.1 (b), we would "not substitute our judgment for that of the trial court when there is no obvious or apparent abuse of discretion by the court

in what clearly is a matter of discretion." *Peterson*, supra at 752 (1) (b). We cannot say under the circumstances presented here that the trial court abused its discretion by denying Cabey's motion for a good cause extension of time.

Cabey made no showing, by affidavit or otherwise, that she made any attempts to contact an expert or obtain an affidavit within the appropriate time limitation. Nothing in her motion made reference to anything that would constitute good cause. Cabey now asserts in her brief to this court that her pro se status at the time justifies her pleadings being judged by a lower standard. This court has held, however, that a plaintiff who proceeds pro se still must comply with the affidavit requirement. *ABE Engineering v. Griffin, Cochran & Marshall*, 212 Ga. App. 586 (443 SE2d 1) (1994); *Peterson*, supra at 753 (1) (b). The trial court did not err in denying Cabey's motion for an extension and in granting the hospital's motion to dismiss.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED OCTOBER 17, 2001 —
RECONSIDERATION DENIED NOVEMBER 6, 2001.

*Shivers & Associates, Joseph D. Perrotta*, for appellant.
*Hall, Booth, Smith & Slover, Timothy H. Bendin, Ashley D. Phillips*, for appellee.