A02A0236. SMITH et al. v. MORRIS, MANNING & MARTIN, LLP et al.

(562 SE2d 725)

Ellington, Judge.

Plaintiffs David Smith, Premier/Georgia Management Company, Inc., Chase Development Corporation, and American Investment Management Corporation appeal from the trial court's dismissal of their suit against the law firm of Morris, Manning & Martin, LLP and three of the firm's employees. For the reasons that follow, we affirm the dismissal of the plaintiffs' legal malpractice claims, but reverse the dismissal of the remaining claims and remand the case to the trial court for further proceedings.

The record shows the following undisputed facts. Attorney James N. Cline represented the plaintiffs when they filed a legal malpractice claim against the defendants in December 1998. The defendants filed a motion to dismiss, and the plaintiffs voluntarily dismissed the complaint without prejudice. See OCGA § 9-11-41 (a).

On July 13, 1999, Cline, on behalf of the plaintiffs, again filed a legal malpractice complaint against the defendants under the renewal statute. See OCGA § 9-11-41 (e). The complaint did not contain an expert affidavit. See OCGA § 9-11-9.1 (a). The defendants again moved to dismiss for failure to state a claim based upon the plaintiffs' failure to attach an expert affidavit. The plaintiffs voluntarily dismissed this second complaint on February 3, 2000, four days before the hearing on the defendants' motion.

On July 14, 2000, the plaintiffs, still represented by Cline, filed the instant complaint under the renewal statute and again failed to include an expert affidavit. After the defendants filed another motion to dismiss for failure to state a claim, plaintiffs substituted attorney Graydon W. Florence for Cline. Florence then filed an expert affidavit on August 28, 2000, 45 days after the complaint was filed. The affidavit was signed by James N. Cline, the same attorney who had been representing the plaintiffs for five years and who had twice failed to file an expert affidavit with the complaint.[1] Defendants moved to

---

[1] It does not appear that Florence used a notary seal when he attempted to notarize Cline's affidavit. See OCGA § 45-17-6 (a). Pursuant to our decision in Division 3, infra, however, it is not necessary for this Court to decide if Cline's affidavit, as it appears in the record, is valid.

exclude Cline's affidavit as untimely, because the plaintiffs failed to allege in the complaint that, because the statute of limitation was about to run, the expert affidavit could not be prepared. See OCGA § 9-11-9.1 (b).[2] This language is required to provide for a 45-day grace period for filing an expert affidavit.

On September 14, 2000, Florence amended the complaint to add Paragraph 157, which reads as follows:

> The period of limitation either will expire or there is a good faith basis to believe it will expire within ten days of the filing of this verified complaint and, because of such time constraints, the plaintiffs allege that the affidavit of an expert as to the legal malpractice counts contained herein could not be prepared in time to be contemporaneously filed with the verified complaint.

The amendment also added several counts to the complaint, including slander, libel, tortious interference, breach of fiduciary duty, and breach of contract. Not surprisingly, the defendants moved to strike Paragraph 157 of the amended complaint on the basis that there was "no set of facts which Plaintiffs could plead which could support their allegation," i.e., that there had been insufficient time to prepare an affidavit due to the expiration of the statute of limitation.

After conducting a hearing on the defendants' motion to strike Paragraph 157 and the related motion to dismiss for failure to state a claim, the trial court found that plaintiffs' counsel, Cline, had known for several years about the plaintiffs' allegations of legal malpractice and was so knowledgeable about the facts underlying the allegations that he drafted an extensively detailed, 50-page complaint. Further, even though Cline was aware that the defendants had previously moved to dismiss the complaint on the basis that no OCGA § 9-11-9.1 expert affidavit had been filed with the complaint, he twice failed to file the requisite affidavit or invoke the subsection (b) provision. The trial court found that there was "overwhelming evidence of bad faith on the part of the Plaintiffs and/or Plaintiffs' counsel." Under the "egregious" circumstances of this case, the trial court ruled that "[t]o

---

[2] Under OCGA § 9-11-9.1 (b),
[t]he contemporaneous filing requirement of [OCGA § 9-11-9.1 (a)] shall not apply to any case in which the period of limitation will expire or there is a good faith basis to believe it will expire on any claim stated in the complaint within ten days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of an expert could not be prepared. In such cases, the plaintiff shall have 45 days after the filing of the complaint to supplement the pleadings with the affidavit.

allow Plaintiffs to proceed with their third attempt at this case would make a mockery of this Court and the purpose of Code section 9-11-9.1." After finding Paragraph 157 to be a "patently false and sham pleading," the trial court granted the motion to strike the paragraph, as well as the motion to dismiss the complaint. The plaintiffs appeal from this ruling.

1. The plaintiffs contend the trial court erred in striking Paragraph 157 from the complaint, arguing that the 45-day extension provided by OCGA § 9-11-9.1 (b) is "automatic" once the requisite allegations are made and that the trial court is precluded from considering the veracity of the allegations. The plaintiffs rely on two prior opinions from this Court, neither of which is binding precedent in this case. See Court of Appeals Rule 33 (a); *State v. Smith*, 242 Ga. App. 295, 296 (529 SE2d 423) (2000) (holding that a previous Court of Appeals opinion in which less than a majority of the Court concurred fully merely decided the issues in that case and was not binding precedent).

In *Works v. Aupont*, 219 Ga. App. 577, 578 (465 SE2d 717) (1995), only three of the nine judges then on this Court joined fully in that portion of the opinion stating that a trial court cannot question the truthfulness of a plaintiff's excuse for failure to comply with OCGA § 9-11-9.1 (a). In *Works*, the trial court had dismissed a malpractice complaint because it did not believe the plaintiffs were unable to acquire an expert affidavit before the statute of limitation expired. Id. at 577. According to *Works*,

> OCGA § 9-11-9.1 (b) unambiguously provides for an automatic 45-day extension for filing the requisite affidavit to any case in which the period of limitation will expire within ten days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of an expert could not be prepared. If these two conditions are met, it does not matter whether the trial court believes or disbelieves a plaintiff's allegation that time constraints prevented compliance with the contemporaneous filing requirement of OCGA § 9-11-9.1 (a).

(Citations, punctuation and emphasis omitted.) Id. at 578 (1). This analysis was rejected, however, by the remaining six judges. Consequently, we are not bound by it. Court of Appeals Rule 33 (a).

Rather, we agree with Judge Beasley, who wrote in her special concurrence in *Works* as follows:

> If the legislature meant that the required allegation could not be challenged, it would have used a word other than

"alleged," as that means a statement subject to challenge [instead of] "stated; recited; claimed; asserted; [or] charged." Also, if it meant the allegation insulated the 45-day extension, then it has no meaning and that factor might just as well have been left out of the statute. There would be a forty-five-day extension whenever the statute of limitation expires within ten days of the filing of the complaint. We are compelled to attribute meaning to all parts of a statute. Secondly, judicially according unassailable conclusiveness to the allegation shields possible untruth from both consequence and sanction, . . . and I cannot attribute such intention to the legislature, more so because it relates to an allegation of an officer of the court rather than to that of a complaining party. Such an officer has a higher duty than does a non-verifying complainant, although "honesty and good faith" [are] requirement[s] of pleading which appl[y] to the latter as well.

(Citations omitted.) Id. at 580 (Beasley, C. J., concurring specially).[3] We adopt Judge Beasley's conclusion that a trial court has both the authority and the duty to look behind an OCGA § 9-11-9.1 (b) allegation when it is challenged to ensure that it is supported by some evidence.

In this case, the trial court's determination that Paragraph 157 was patently false and a sham pleading is amply supported by the record, which "clearly shows that time constraints did not prevent the affidavit from being filed with the complaint. [Counsel's] statement to the contrary violates [his] duty as [an attorney] practicing in this State to employ 'such means only as are consistent with truth.' OCGA § 15-19-4 (2)."[4] *Works*, 219 Ga. App. at 583 (Andrews, J., dissenting). We reject the premise that the requisites of OCGA § 9-11-9.1 may be satisfied through deceit. See id.

Under OCGA § 9-11-12 (f), the trial court has considerable dis-

---

[3] In the second case upon which plaintiffs rely, *Keefe v. Northside Hosp.*, 219 Ga. App. 875-876 (467 SE2d 9) (1996), this Court affirmed the trial court's dismissal of a medical malpractice complaint for the plaintiff's failure to timely file an expert affidavit and failure to include an OCGA § 9-11-9.1 (b) allegation. While holding that the subsection (b) allegation is not "mere verbiage but rather [a] representation of a fact . . . which is a necessary ingredient for the applicability of the grace period," this Court went on to note that, under *Works*, the allegation was not subject to challenge if the affidavit is actually filed within the 45-day period. Id. at 876. Since no OCGA § 9-11-9.1 (b) allegation had been filed in *Keefe*, however, this statement was dicta of which we now expressly disapprove.

[4] Under OCGA § 15-19-4 (2), "[i]t is the duty of attorneys at law . . . [t]o employ, for the purpose of maintaining the causes confided to them, such means only as are consistent with truth and never to seek to mislead the judges or juries by any artifice or false statement of the law."

cretion to strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." See *All-Ga. Dev. v. Kadis,* 178 Ga. App. 37, 38-39 (2) (341 SE2d 885) (1986); see also *Weiss v. La Suisse, Societe D'Assurances Sur La Vie,* 131 FSupp.2d 446, 450 (S.D. N.Y. 2001) (motion to strike is appropriate when there is no evidence to support the allegation). Under the circumstances of this case, we hold that the trial court did not abuse its discretion in striking the OCGA § 9-11-9.1 (b) allegations in Paragraph 157 from the amended complaint.

2. Absent the requisite allegations of OCGA § 9-11-9.1 (b), the plaintiffs were not entitled to a 45-day grace period for filing the expert affidavit. These allegations are not a simple technicality, but represent facts that are a "necessary ingredient for the applicability of the grace period." (Citation and punctuation omitted.) *Sullivan v. Fredericks,* 251 Ga. App. 790, 791 (554 SE2d 809) (2001).

3. As the expert affidavit was not timely filed with the complaint pursuant to OCGA § 9-11-9.1 (a), the trial court did not err in dismissing the plaintiffs' legal malpractice complaint for failure to state a claim. OCGA § 9-11-12 (b) (6).

4. The plaintiffs contend, however, that even if the malpractice claims were properly dismissed, the trial court erred in dismissing the additional counts from the amended complaint, which included slander, libel, tortious interference, breach of fiduciary duty, and breach of contract. Assuming without deciding that the complaint was properly amended to include these additional counts and that these counts allege something other than professional negligence, which would require an expert affidavit under OCGA § 9-11-9.1, we hold that the trial court erred in dismissing the counts due to plaintiffs' failure to file an expert affidavit on the malpractice claim. *Peterson v. Columbus Med. Center Foundation,* 243 Ga. App. 749, 755 (2) (533 SE2d 749) (2000); *Hopkinson v. Labovitz,* 231 Ga. App. 557, 559 (499 SE2d 338) (1998) (physical precedent only). In so holding, we do not consider whether the counts could have been dismissed on another basis, such as the expiration of the statute of limitation. We reverse the dismissal of these counts and remand the case to the trial court for further proceedings.

*Judgment affirmed in part, reversed in part and case remanded. Smith, P. J., and Eldridge, J., concur.*

DECIDED MARCH 6, 2002 —
RECONSIDERATION DENIED MARCH 21, 2002 — ▮▮▮▮▮▮

*Graydon W. Florence, Jr.,* for appellants.

*Seyfarth Shaw, Victor A. Ellis, Brian E. Daughdrill, John A. Sherrill*, for appellees.