A01A2445. GEORGIA DERMATOLOGY CLINIC, P.A. et al.
v. NESMITH et al.
(561 SE2d 459)

BLACKBURN, Chief Judge.

Georgia Dermatology Clinic, P.A. d/b/a Georgia Dermatology & Skin Cancer Center ("Georgia Dermatology") and Orlando Gilbert Rodman, M.D., sought appellate review of the denial of their motions to dismiss that were filed on procedural grounds. We granted this interlocutory appeal to clarify the statutorily mandated requirements of OCGA § 9-11-9.1. After review, we find that the statutory provisions at issue are neither ambiguous nor susceptible to the strained construction that is being advocated. Accordingly, the trial court properly denied their motions to dismiss.

The application of OCGA § 9-11-9.1 (b) arose during litigation brought by Deby Dianne Nesmith, individually, and as the parent of Corey Bateman, deceased, and as the personal representative of her son's estate, against Georgia Dermatology, Rodman, Roche Laboratories, Inc., Hoffman-La Roche, Inc. and ABC Corporation, Inc. on several theories, inter alia, wrongful death, medical negligence, product liability and breach of warranty. Teenager Bateman, then age 16, inflicted a single gunshot wound to his head on March 27, 1998, and died the following day. At the time of his suicide, Bateman was under the professional care of Rodman who had prescribed the acne drug Accutane which allegedly precipitated Bateman's depression and suicidal ideation.

The complaint was filed on March 27, 2000, and availed itself of OCGA § 9-11-9.1 (b). Paragraph 15 of the complaint provided:

> Plaintiff alleges that this Complaint insofar as it sets forth causes of action against Defendants RODMAN and GEORGIA DERMATOLOGY that sound in medical negligence is being filed within ten (10) days of the expiration of the statute of limitations, and as such an affidavit of a qualified expert could not be prepared for simultaneous filing with the Complaint. Pursuant to OCGA § 9-11-9.1, Plaintiff will file in this case an affidavit from a qualified expert within forty-five (45) days of the filing of this suit.

Within 45 days, Nesmith amended the pleadings and filed a supplemental complaint and the expert affidavit of Stephen Presser, M.D., a board-certified dermatologist. In her supplemental complaint, Nesmith added that "because of time constraints, the affidavit of an expert as required by OCGA § 9-11-9.1 (a) could not be prepared before the filing of Plaintiff's Complaint."

But before Nesmith filed the expert's affidavit and the supplemental complaint, Georgia Dermatology and Rodman filed answers and motions to dismiss. Their motions to dismiss were premised upon "Plaintiff's failure to comply with the Affidavit/Pleading requirements set forth [at] OCGA § 9-11-9.1."

At the hearing on the defendants' motions, counsel for Nesmith filed an affidavit in which he testified that "[a]s an officer of this Court I state without reservation that the allegations set forth in Paragraph 15 of the Plaintiff's Complaint are true and correct." In refusing to dismiss the complaint, the trial court noted that it "accepts Plaintiff's assertions about the affidavit as true and declines to allow any further inquiry of Plaintiff's attorneys on the subject."

In three interrelated enumerations of error, Georgia Dermatology and Rodman contend that they have a right to attack the veracity of Paragraph 15 of the complaint. They claim that they have evidence to prove that Nesmith sought legal counsel well before the statute of limitation ran and that the statement that the expert affidavit could not be filed contemporaneously with the complaint is incorrect. In the alternative, they contend that having raised a "good faith issue in this regard," they should be permitted to conduct limited and relevant discovery to determine the correctness of the pleading in Paragraph 15.

OCGA § 9-11-9.1 (b) provides in pertinent part:

> The contemporaneous filing requirement of subsection (a) of this Code section shall not apply to any case in which the

> period of limitation will expire or there is a good faith basis to believe it will expire on any claim stated in the complaint within ten days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of an expert could not be prepared. In such cases, the plaintiff shall have 45 days after the filing of the complaint to supplement the pleadings with the affidavit.

Thus, implicitly recognizing the burden of obtaining an expert affidavit, the legislature authorized an additional 45 days to file that affidavit when these criteria are met. In easing the contemporaneous filing requirement set forth in OCGA § 9-11-9.1 (a), subsection (b)

> gives a plaintiff an automatic right to file such a supporting affidavit within forty-five days of filing the complaint when two requirements are met: (1) when the limitation period will expire within ten days of the date of filing the complaint; and (2) when the plaintiff alleges that because of the time constraints an expert affidavit could not be prepared. The second requirement must be alleged in the complaint. "This is not mere verbiage but rather representation of a fact, a fact which is a necessary ingredient for the applicability of the grace period."

*Cabey v. DeKalb Med. Center.*[1]
Here, it is undisputed that the original complaint was filed within ten days of the expiration of the applicable statute of limitation as set forth in OCGA § 9-3-71 (a), and the complaint was supplemented to allege that because of time constraints the required affidavit could not be prepared. Compare *Cabey*, supra at 314. Thus, the complaint as amended comports with the statutory procedural requirements and so automatically triggered the extended filing period. See *Peterson v. Columbus Med. Center Foundation.*[2]

Notwithstanding Nesmith's full compliance with the statutory procedural requirements, Georgia Dermatology and Rodman contend that they should be able to ascertain whether Nesmith was truly unable to procure the expert affidavit and to have filed it contemporaneously with the original complaint. As purported legal authority for their proposition that they should be able to attack the veracity of Paragraph 15, Georgia Dermatology and Rodman cite four cases. Two of the four cases are devoid of precedential value, and the

---

[1] *Cabey v. DeKalb Med. Center*, 252 Ga. App. 313, 314 (1) (555 SE2d 742) (2001).
[2] *Peterson v. Columbus Med. Center Foundation*, 243 Ga. App. 749, 751 (1) (a) (533 SE2d 749) (2000).

remaining cases offer no support for their argument. *Works v. Aupont*[3] (physical precedent only under Court of Appeals Rule 33 (a)) has no precedential value, and the only pertinent portion of *Vester v. Mug A Bug Pest Control*,[4] rev'd in part, *Mug A Bug Pest Control v. Vester*,[5] was later vacated. The other two cases, *Glisson v. Hosp. Auth. of Valdosta &c.*[6] and *Keefe v. Northside Hosp.*,[7] do not address the issue of discovery relating to the statutory pleading requirements imposed upon a plaintiff.

In *Glisson*, the plaintiff failed to specifically plead in the original complaint that because of time constraints an affidavit could not be prepared and filed at the time the original complaint was filed. But the plaintiff later properly amended the complaint under OCGA § 9-11-15 to include the language required by OCGA § 9-11-9.1 (b). *Glisson*, supra at 654-655. In deciding that the complaint could be amended, we found that the provisions of OCGA § 9-11-9.1 "are intended to be *procedural.*" (Emphasis in original.) Id. at 654. We held that "[t]he statute does *not* prohibit other amendments of the body of the pleadings in the complaint and, therefore, should be liberally construed in pari materia with OCGA § 9-11-15 with regard to any other amendments to the pleadings. [Cits.]" (Emphasis in original.) *Glisson*, supra at 654 (1).

*Keefe v. Northside Hosp.*, upon which Georgia Dermatology and Rodman also rely, is readily distinguishable. In *Keefe*, no effort was made to amend the complaint to add the allegation that because of time constraints an expert affidavit could not be prepared as required by OCGA § 9-11-9.1 (b), resulting in a complaint that was procedurally defective. See *Sullivan v. Fredericks*.[8]

In essence, Georgia Dermatology and Rodman ask this Court to usurp the legislature's prerogative and to rewrite the statutory pleading rules in subsection (b) of OCGA § 9-11-9.1 to impose two additional requirements: that a plaintiff must demonstrate that she acted in "good faith" to avail herself of the automatic extension and that a plaintiff must show that the inability to contemporaneously file an expert affidavit was not unjustifiable. But to engraft these additional requirements onto the statute and to permit "limited discovery" would needlessly muddle litigation and would likely engender problems with the attorney/client privilege and the attorney/

---

[3] *Works v. Aupont*, 219 Ga. App. 577 (465 SE2d 717) (1995).

[4] *Vester v. Mug A Bug Pest Control*, 231 Ga. App. 644, 647 (2) (500 SE2d 406) (1998).

[5] *Mug A Bug Pest Control v. Vester*, 270 Ga. App. 407, 409 (509 SE2d 925) (1999). Division 2 of the original opinion was vacated in its entirety in *Vester v. Mug A Bug Pest Control*, 236 Ga. App. 554 (512 SE2d 681) (1999).

[6] *Glisson v. Hosp. Auth. of Valdosta &c.*, 224 Ga. App. 649, 652 (481 SE2d 612) (1997).

[7] *Keefe v. Northside Hosp.*, 219 Ga. App. 875 (467 SE2d 9) (1996).

[8] *Sullivan v. Fredericks*, 251 Ga. App. 790, 791 (554 SE2d 809) (2001).

work product doctrine. Permitting such "limited discovery" would inevitably trigger an additional layer of needless motion practice by encouraging motions to compel and for protective orders. The ensuing morass would result in unnecessary litigation and thereby contravene the legislative purpose of OCGA § 9-11-9.1 of curtailing frivolous and unwarranted litigation. See *0-1 Doctors Mem. Holding Co. v. Moore*.[9] Accordingly, we also find when OCGA § 9-11-9.1 (b) applies, neither plaintiffs nor their counsel in such actions need to file an additional affidavit to aver, as here, that an expert affidavit could not be prepared for contemporaneous filing with the original complaint.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED MARCH 6, 2002 — 

*Cobb, Grabbe, Spillers & Irwin, R. Chris Irwin, Hall, Booth, Smith & Slover, Jack G. Slover, Jr., Terrell W. Benton III, Nelson, Mullins, Riley & Scarborough, Richard B. North, Jr., Donald L. Swift III*, for appellants.

*Adams & Jordan, Virgil L. Adams, Donald J. Jordan*, for appellees.

[9] *0-1 Doctors Mem. Holding Co. v. Moore*, 190 Ga. App. 286, 288 (1) (378 SE2d 708) (1989).