A02A0121. WINFREY v. TOTAL HEALTH CLINIC CORPORATION et al.
(566 SE2d 372)

BLACKBURN, Chief Judge.

In this medical malpractice action, Nina J. Winfrey appeals the trial court's dismissal of her case against Total Health Clinic Corporation, Lee Wilkes, M.D., and Gary Richter, M.D., contending that

the trial court erred by: (1) failing to hold a hearing, absent request, on her motion for an extension of time to file an expert affidavit pursuant to OCGA § 9-11-9.1 (b); and (2) with regard to Total Health and Richter only, dismissing her case for her failure to file an expert affidavit as a defense, contending that Total Health and Richter had waived their right to assert such failure. For the reasons set forth below, we affirm.

The record shows that Winfrey originally filed suit against the defendants on July 25, 2000, alleging medical malpractice for failure to diagnose pancreatic cancer as of July 29, 1998. In her complaint, Winfrey properly stated that her action was being filed within ten days of the statute of limitation, triggering an automatic statutory provision giving her an additional forty-five days in which to file her expert's affidavit pursuant to OCGA § 9-11-9.1 (b). See *Cabey v. DeKalb Med. Center*.[1]

Total Health and Richter answered the complaint on August 24, 2000, and both defendants requested in their original answer that Winfrey's suit be dismissed for failure to file an expert's affidavit. No separate motions to dismiss, however, were filed at that time. Wilkes answered the complaint on September 11, 2000, and he contemporaneously filed a motion to dismiss Winfrey's claim for failure to file an expert affidavit. On September 8, 2000, the final day of her additional 45-day statutory period, Winfrey filed a motion for extension of time in which to file her expert affidavit.

On September 15, 2000, Total Health and Richter filed a joint motion to dismiss Winfrey's case for failure to file an expert affidavit. Finally, on December 21, 2000, the trial court denied Winfrey's motion for an extension of time to file an affidavit and dismissed her case with prejudice.

1. Winfrey contends that the trial court erred by failing to hold a hearing prior to denying her motion for an extension of time to file an expert affidavit. We disagree.

> [Winfrey] never requested a hearing on her motion for an extension of time. Uniform Superior Court Rule 6.3 provides that "(u)nless otherwise ordered by the court, all motions in civil actions, including those for summary judgment, shall be decided by the court without oral hearing, except motions for new trial and motions for judgment notwithstanding the verdict." It was therefore not error for the trial court to decide [Winfrey's] motion for an extension of time without holding a hearing.

*Cabey*, supra at 314 (2).

---

[1] *Cabey v. DeKalb Med. Center*, 252 Ga. App. 313 (555 SE2d 742) (2001).

Moreover, we have reviewed the evidence of record, and we cannot say that the trial court abused its discretion in determining that Winfrey had failed to show good cause for any further extension of time to file an expert affidavit.

2. Winfrey contends that, even if a hearing on her motion for an extension of time was not required, the trial court erred in dismissing her case against Total Health and Richter because they waived their right to the defense that she failed to file an expert's affidavit. Again, we disagree.

OCGA § 9-11-9.1 (b) provides:

> The contemporaneous filing requirement of subsection (a) of this Code section shall not apply to any case in which the period of limitation will expire or there is a good faith basis to believe it will expire on any claim stated in the complaint within ten days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of an expert could not be prepared. In such cases, the plaintiff shall have 45 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause extend such time as it shall determine justice requires. If an affidavit is not filed within the period specified in this subsection or as extended by the trial court and the defendant against whom an affidavit should have been filed alleges, by motion to dismiss filed contemporaneously with its initial responsive pleading[,] that the plaintiff has failed to file the requisite affidavit, the complaint is subject to dismissal for failure to state a claim.

It is undisputed that Total Health and Richter, in their initial responsive pleading to Winfrey's suit, moved the trial court to dismiss her case for failure to file an expert affidavit. By doing so, Total Health and Richter put both Winfrey and the trial court on notice of their intent to invoke this defense. In this case, this action was enough to assert this defense.

Winfrey argues that we should find that Total Health and Richter waived their right to raise this defense because they moved to dismiss her claims for failure to file an expert affidavit in their initial response, rather than in a separate motion filed contemporaneously therewith. While OCGA § 9-11-9.1 (b) authorizes the filing of a separate motion, it does not preclude its inclusion in the initial response. The critical requirement is the timing of defendants raising this defense, not the form in which it is raised. " 'It is the duty of the court to consider the results and consequences of any proposed (stat-

utory) construction and not so construe a statute as will result in unreasonable or absurd consequences not contemplated by the legislature.'" *Cronan v. State.*[2]

Accordingly, contrary to Winfrey's assertions, Total Health and Richter did not waive their right to assert her failure to file an expert affidavit as a defense to her claims against them simply because they raised the failure in their initial response, rather than by separate motion filed contemporaneously therewith.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JUNE 4, 2002.

*Angelyn M. Wright, Richard E. Johnson*, for appellant.
Nina J. Winfrey, *pro se.*
*Hall, Booth, Smith & Slover, Jack G. Slover, Jr., Jonathan Marigliano, Love, Willingham, Peters, Gilleland & Monyak, Jonathan C. Peters, Jeffrey L. Shaw*, for appellees.

---

[2] *Cronan v. State*, 236 Ga. App. 374, 377 (2) (511 SE2d 899) (1999).