## A03A1447. WATERS v. STEWART et al.
### (587 SE2d 307)

ELDRIDGE, Judge.

This is a medical malpractice action. Donald Waters, M.D., appeals from the Superior Court of Ware County's denial of Waters' motion to dismiss, which motion was premised upon Charles and Catherine Stewart's alleged failure to comply with the pleading requirements of OCGA § 9-11-9.1 (b). Waters argues that the Stewarts failed to introduce any evidence to support their OCGA § 9-11-9.1 claim that "an affidavit [of an expert] could not be prepared," and thus, dismissal was required pursuant to our recent decision in *Smith v. Morris, Manning & Martin*[1] ("*Smith*"). Waters also argues that the complaint, unaccompanied by an expert affidavit, was filed eleven days from the running of the statute of limitation, and thus, the Stewarts could not avail themselves of the OCGA § 9-11-9.1 (b) 45-day extension applicable when a statute of limitation is to run "within ten days of the date of filing."[2]

We granted Waters' application for interlocutory appeal in order to address an issue he raises by brief regarding a perceived inconsistency between *Smith* and another recent opinion of this Court, *Ga. Dermatology Clinic v. Nesmith*[3] ("*Nesmith*"). For the reasons that follow, we find that *Nesmith* and *Smith* are distinguishable on their facts, and thus, the law as applied to each was not inconsistent. We further find that the facts which controlled the outcome in *Smith* are not present in the instant case, and thus, *Smith* is not applicable herein. In addition, the record supports the conclusion that the Stewarts filed their original complaint within the ten-day computation period contemplated by OCGA § 9-11-9.1 (b) so as to make applicable the 45-day extension provided by that statute. Accordingly, we affirm the ruling of the court below.

1. Under OCGA § 9-11-9.1 (a) as it applies to this case, the rule is that a malpractice action filed against a doctor must be accompanied by an expert affidavit setting forth a factual basis for the lawsuit. OCGA § 9-11-9.1 (b), however, provides an exception to this rule:

The contemporaneous filing requirement of subsection (a) of this Code section shall not apply to any case in which the

[1] 254 Ga. App. 355 (562 SE2d 725) (2002).
[2] OCGA § 9-11-9.1 (b).
[3] 254 Ga. App. 121 (561 SE2d 459) (2002).

period of limitation will expire or there is a good faith basis to believe it will expire on any claim stated in the complaint within ten days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of an expert could not be prepared. In such cases, the plaintiff shall have 45 days after the filing of the complaint to supplement the pleadings with the affidavit.[4]

This is a pleading requirement.[5] And in *Nesmith*, supra, we recognized that this two-prong pleading requirement is met by the use of the statutorily mandated language stated above. Thus, if a plaintiff pleads (1) that the statute of limitation will expire within ten days, and (2) that because of time constraints an expert affidavit could not be prepared, this is sufficient to trigger the 45-day extension to the contemporaneous filing requirement of OCGA § 9-11-9.1 (a). After following the statute's pleading requirements, the 45-day extension has been referred to as "automatic."[6] In *Nesmith*, we specifically rejected the idea that the legislatively mandated pleading requirement of OCGA § 9-11-9.1 (b) somehow carries with it an *evidentiary* burden:

> [Defendants] ask this Court to usurp the legislature's prerogative and to rewrite the statutory pleading rules in subsection (b) of OCGA § 9-11-9.1 to impose two additional requirements: that a plaintiff must demonstrate that she acted in "good faith" to avail herself of the automatic extension and that a plaintiff must show that the inability to contemporaneously file an expert affidavit was not unjustifiable.[7]

In *Nesmith*, we refused to create such evidentiary burden out of whole cloth when OCGA § 9-11-9.1 (b), by its plain and unambiguous terms, speaks solely to procedural burdens. We affirmed the trial court's denial of defendant's motion to dismiss.

But the issue does not end here. Laws, procedural or substantive, do not exist in a vacuum. This Court is always vigilant about

---

[4] OCGA § 9-11-9.1 (b).

[5] *Hewett v. Kalish*, 264 Ga. 183, 184 (1) (442 SE2d 233) (1994). See also *Gadd v. Wilson & Co., Engineers*, 262 Ga. 234, 235 (416 SE2d 285) (1992); *Housing Auth. of Savannah v. Greene*, 259 Ga. 435, 439 (5) (383 SE2d 867) (1989).

[6] *Works v. Aupont*, 219 Ga. App. 577, 578 (1) (465 SE2d 717) (1995) (physical precedent only); *Nesmith*, supra at 124; *Winfrey v. Total Health Clinic Corp.*, 255 Ga. App. 617, 618 (566 SE2d 372) (2002); *Cabey v. DeKalb Med. Center*, 252 Ga. App. 313 (555 SE2d 742) (2001).

[7] *Nesmith*, supra at 124.

ensuring that an exception does not mechanistically swallow a rule. As cogently recognized by then Chief Judge Beasley in her special concurrence in *Works v. Aupont*,[8] if the pleading requirement of OCGA § 9-11-9.1 (b) is read completely without discernment, there would be an automatic 45-day extension whenever a statute of limitation expires within ten days of the filing of a malpractice complaint; in which case, there would be no need for the pleading requirements authorized by the statute. "We are compelled to attribute meaning to all parts of a statute."[9]

Accordingly, in *Smith*, supra, this Court recognized that the two-prong pleading requirement of OCGA § 9-11-9.1 (b) should not "automatically" trigger the 45-day extension when *the record on its face* plainly contradicts the pleading that time constraints prevented the affidavit from being prepared for contemporaneous filing with the complaint:

> In this case, the trial court's determination that [the OCGA § 9-11-9.1 (b) pleading] was patently false and a sham pleading is amply supported by the record, which clearly shows that time constraints did not prevent the affidavit from being filed with the complaint.[10]

Our holding in *Smith* recognized that a pleading which appears obviously inaccurate from the face of the record cannot simply be ignored by the trial court, and that the "automatic" 45-day extension evoked by pleading in the form contemplated by OCGA § 9-11-9.1 (b) in no way circumvents a paramount duty to plead "consistent with truth,"[11] which notion is plainly embodied in the statute's requirement that the pleading be made in "good faith."[12] An OCGA § 9-11-9.1 (b) pleading that is — at the time it is made — manifestly contradicted by the record gives the appearance that such pleading is not made in "good faith." Under such circumstances, this Court will not find error in a trial court's conclusion that the 45-day extension period is not "automatic." While a finding of "good faith" may yet be made, the trial court must determine if the clear contradiction between the facts appearing on the face of the record and the pleading is reconciled satisfactorily. And, in *Smith*, we upheld the trial court's credibility conclusion that the record prevailed over the pleading.

---

[8] Supra at 579 (Beasley, C. J., concurring specially).
[9] Id. at 580.
[10] (Citation and punctuation omitted.) *Smith*, supra at 358 (1).
[11] OCGA § 15-19-4 (2).
[12] OCGA § 9-11-9.1 (b) (plaintiff must have "good faith" basis for pleading under the statute).

Moreover, that portion of our opinion in *Smith* wherein we stated, "a trial court has . . . the authority and the duty to look behind an OCGA § 9-11-9.1 (b) [pleading] when it is challenged to ensure that it is supported by some evidence,"[13] goes solely to the challenge of a record that obviously — on its face — contradicts the OCGA § 9-11-9.1 (b) pleading at the time that it is made. *Smith* did not hold that a defendant's "challenge" to an OCGA § 9-11-9.1 (b) pleading via answer to the complaint serves to place an evidentiary burden on the plaintiff to produce evidence in support of the pleading. As we did in *Works v. Aupont*, supra, this Court declines to adopt such "mini-trial . . . fact-finding journey for the parties and the trial court at the outset of the proceedings[,] if defendants demand it."[14] Indeed, this Court has been reversed previously by the Supreme Court of Georgia for attempting at the pleading stage to superimpose evidentiary burdens onto OCGA § 9-11-9.1's strictly procedural requirements.[15]

In sum, and contrary to Waters' assertions, *Nesmith* and *Smith* apply the law relating to OCGA § 9-11-9.1 (b) to markedly different sets of facts and, read together, are not in contradiction. Meeting both prongs of the OCGA § 9-11-9.1 (b) pleading requirement automatically triggers the 45-day extension for the filing of an expert affidavit (*Nesmith*), unless the record on its face clearly contradicts the veracity of the OCGA § 9-11-9.1 (b) pleading at the time that it is made, thereby giving the appearance that the pleading was not made in "good faith"; in which case, the trial court must reconcile the contradiction (*Smith*).

As applied to the instant case, there is nothing on the face of the record that would imply the Stewarts' OCGA § 9-11-9.1 (b) pleading was not made in good faith (nor does Waters even make such claim). Further, as will be discussed in Division 2, infra, the statute of limitation as to "any act" contained in the complaint ran within the ten-day computation period from the filing of the complaint. And even were that not the case, we specifically decline to find that a failure to properly compute time limitations — which computation may prove problematic in the best of circumstances as demonstrated by the scores of cases considering same[16] — provides the type of "appearance of bad faith" which arose in *Smith* and which we have discussed

---

[13] *Smith*, supra at 358.

[14] *Works v. Aupont*, supra at 580 (Beasley, C. J., concurring specially).

[15] See *Hewett v. Kalish*, supra at 186 (1) ("[W]e find that the Court of Appeals erred by holding that § 9-11-9.1 establishes an evidentiary standard regarding the affiant's competency that must be proven at the pleading stage.").

[16] See, e.g., *U. S. Filter Distrib. Group v. Barnett*, 273 Ga. 254 (538 SE2d 739) (2000); *Parke v. Fant*, 260 Ga. App. 84, 85 (578 SE2d 896) (2003).

in our analysis above; this is especially true when, as here, the computation is alleged to be incorrect by only a matter of days. Further, nothing on the face of the record at the time that the Stewarts' OCGA § 9-11-9.1 pleading was made clearly contradicts their assertion therein that they were unable to prepare the expert's affidavit so as to file it in conjunction with their complaint. Accordingly, *Smith* does not control in the instant case. The "automatic" 45-day extension addressed in *Nesmith* applies. The trial court did not err in denying Waters' motion to dismiss premised on the Stewarts' failure to introduce evidence in support of their OCGA § 9-11-9.1 (b) pleading.

2. Waters contends that the Stewarts failed to meet the first prong of the OCGA § 9-11-9.1 (b) pleading requirements, i.e., that the statute of limitation would expire within ten days from the filing of the complaint. In support of this contention, Waters directs our attention to the fact that the Stewarts' complaint was filed on June 24, 2002, and claims that "the statute of limitations on the Appellees' claims *must* have been in danger of running on or before July 4, 2002," in order to fall within the ten-day computation time provided in the statute. Waters then claims that "the only specific allegation of medical negligence against Appellant contained in Dr. Sahn's affidavit states that 'Dr. Waters should have spoken to Dr. Nayak directly on July 5, 2000, to express his concern for his patient's condition.'" Thus, Waters argues, the statute of limitation for the malpractice claim against him ran on July 5, 2002 — eleven days from the June 24, 2002 date that the complaint was filed and not "within ten days of the date of filing" as required by OCGA § 9-11-9.1 (b).

(a) July 4, 2002, the date on which Waters argues the ten-day computation period ended, was Independence Day, a legal holiday. In that regard, OCGA § 1-3-1 (d) (D) "does not count Saturdays, Sundays and legal holidays when the last day of a computed period falls on one of these statutorily-exempted days."[17] Accordingly, the computation of the ten-day period from time of filing would exclude Independence Day, 2002, the last day on which such computed period fell. As a consequence, the ten-day period ended on July 5, 2002, the date Waters identifies as the end of the two-year statute of limitation in this case. Thus, the Stewarts' complaint was timely filed to comply with the first prong of OCGA § 9-11-9.1 (b)'s pleading requirements.

(b) In pertinent part, the contemporaneous filing requirement of OCGA § 9-11-9.1 (a) does not apply to a case "in which the period of

---

[17] *U. S. Filter Distrib. Group v. Barnett*, supra at 255. See also OCGA § 1-3-1 (d) (D) ("When the last day prescribed for [the exercise of any privilege or the discharge of any duty] falls on a public and legal holiday . . . the party having the privilege or duty shall have through the next business day to exercise the privilege or to discharge the duty.").

limitation will expire . . . on *any claim* stated in the complaint within ten days of the date of filing."[18] Additionally,

> [a] Section 9-11-9.1 affidavit should be construed most favorably to the plaintiff and all doubts should be resolved in plaintiff's favor, even if an unfavorable construction of the affidavit may be possible, so long as such construction does not detract from the purpose of § 9-11-9.1 of reducing the number of frivolous malpractice suits.[19]

The complaint in this case identified several dates on which alleged malpractice occurred, including Charles Stewart's July 1, 2000 release from the Satilla Regional Medical Center without further medical tests, procedures, or other management of his condition. Although, prior to Stewart's release, a CT scan showed

> a right pleural effusion with a pleural reaction and thickening at the bifurcation[,] . . . [n]either Dr. Waters nor Dr. Nayak performed additional chest x-rays on this admission nor a bronchoscopy. Mr. Stewart was discharged from this hospital with a five (5) day course of antibiotic "Levaquin." . . . Neither Dr. Nayak nor Dr. Waters pursued careful followup as recommended in the CT scan report. No more chest x-rays were done during this admission. . . . In addition, no ultrasound was done to attempt to further evaluate the pleural effusion nor did Dr. Nayak or Dr. Waters prescribe any bronchodilators for Mr. Stewart upon his discharge. . . . After discharge, Mr. Stewart's condition continued to deteriorate and he was taken to Dr. Waters' office with disabling and severe pleuritic right chest pain.

The expert affidavit filed in support of the complaint in this case specifically identified Charles Stewart's July 1, 2000 release from the Satilla Regional Medical Center as an instance of care below applicable standards:

> The care of Drs. Waters and Nayak was within the standard of care during the 6/18/00 and 7/1/00 *admissions* to Satilla Regional Medical Center but subsequently fell below the standard of care by not aggressively managing the persistent pleural space problem manifested by increasing effu-

---

[18] (Emphasis supplied.) OCGA § 9-11-9.1 (b).
[19] (Punctuation omitted.) *Sawyer v. DeKalb Med. Center*, 234 Ga. App. 54, 56-57 (2) (506 SE2d 197) (1998).

sion and severe pleuritic chest pain. Following discharge from Satilla Regional Medical Center on 7/1/00, the patient continued to experience severe, right chest pain and weakness.[20]

The statute of limitation as to this claim regarding Stewart's July 1, 2000 discharge from the medical center without proper management and stabilization of his "pleural space problem manifested by increasing effusion" as revealed by the CT scan would run on July 1, 2002 — within ten days from the June 24, 2002 filing of the Stewarts' complaint. As our Supreme Court noted in *St. Joseph's Hosp. v. Nease*,[21] the language of OCGA § 9-11-9.1 (b) "shows a clear legislative intent to give a plaintiff extra time to secure an affidavit when the statute of limitation is about to expire."[22] The trial court did not err in denying Waters' motion to dismiss for failure to satisfy the first-prong pleading requirement of OCGA § 9-11-9.1 (b).

3. Waters' remaining enumeration of error was neither raised nor ruled upon in the court below on the basis now urged, and we will not consider it.[23]

*Judgment affirmed. Smith, C. J., Johnson, P. J., Blackburn, P. J., Ruffin, P. J., Barnes, Miller, Ellington, Phipps, Mikell and Adams, JJ., concur. Andrews, P. J., concurs in judgment only.*

DECIDED SEPTEMBER 12, 2003.

*Brennan & Wasden, Wiley A. Wasden III, Elizabeth A. White*, for appellant.

*Oliver, Maner & Gray, Inman G. Hodges, John R. Ferrelle*, for appellees.

---

[20] (Emphasis supplied.)

[21] 259 Ga. 153 (377 SE2d 847) (1989).

[22] Id. at 154 (1) (a).

[23] *Dietz v. Becker*, 209 Ga. App. 678, 679 (434 SE2d 103) (1993).