A05A0721. BELL et al. v. PHOEBE PUTNEY HEALTH SYSTEM, INC. et al.

(614 SE2d 115)

JOHNSON, Presiding Judge.

This appeal is from the dismissal of a wrongful death action filed against various health care providers following the death of a four-year-old from complications of acute appendicitis. At issue is whether the appellants complied with the expert affidavit requirements of OCGA § 9-11-9.1 (b). We hold that they did comply, and therefore reverse the judgment of the trial court.

According to the allegations of the complaint, on the morning of October 5, 2001, Tyreke Hunt was taken to the Phoebe Family Medical Center complaining of stomachache, fever, and headache. He was seen by his family physician, Dr. Earl Lorenzen, and diagnosed as having an upper respiratory infection. He was given prescriptions for Histex and Tylenol and sent home.

On October 7, 2001, the child was taken to the emergency room at Crisp Regional Hospital complaining of nausea, vomiting, diarrhea, and fever. The child was weak and lethargic, and vomited while in triage. Dr. Kele Sewell diagnosed the child with gastroenteritis and dehydration. The child was given fluids and Phenergan intravenously, then discharged about five hours later with instructions to consume clear liquids and to see his physician if he did not improve within one or two days.

In the early morning hours of October 9, 2001, the child was taken back to the emergency room at Crisp Regional Hospital in

cardiac arrest. He was pronounced dead about one hour later. According to the complaint, the autopsy revealed that the child died of septic complications of acute appendicitis.

On October 6, 2003, Hunt's parents filed a wrongful death action against Dr. Lorenzen, Phoebe Health System, Phoebe Health Ventures, Phoebe Putney Memorial Hospital, and Phoebe Family Medical Center (collectively, "the Phoebe defendants"). The Hunts also named as defendants Dr. Sewell, Crisp Regional Hospital Development Foundation, and Crisp Regional Hospital (collectively, "the Crisp defendants").

Although the Hunts alleged the defendants committed medical malpractice, they did not include any expert affidavits with their complaint. Instead, they included a paragraph in the complaint stating that they could not obtain the required expert affidavits at the time the complaint was filed, and so they were invoking the provisions of OCGA § 9-11-9.1 (b), which extends the time to file an expert affidavit by 45 days.

Less than forty-five days later, the Hunts filed two expert affidavits. The defendants filed an amended motion to dismiss the complaint, arguing that one of the affidavits bore a date earlier than the date the complaint was filed. The defendants maintained that there was an obvious discrepancy in the record in that the complaint alleged that the plaintiffs were unable to obtain an affidavit prior to the filing of the complaint, yet the affidavit was dated weeks before the complaint was filed. Accordingly, they urged, the complaint must be dismissed.

The trial court granted the motion to dismiss as to Dr. Lorenzen and the Phoebe defendants, and denied the motion as to Dr. Sewell and the Crisp defendants. The Hunts appeal, arguing that the trial court committed reversible error in granting the Phoebe defendants' motion to dismiss.

OCGA § 9-11-9.1 (a) provides that in any action for damages alleging professional malpractice, the plaintiff is required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim. This filing requirement does not apply to any case in which the period of limitation will expire within ten days of the date of the filing of the complaint and, because of such time constraints, the plaintiff has alleged that an affidavit of an expert could not be prepared.[1] In such a case, the plaintiff shall have 45 days after the filing of the complaint to supplement the pleadings with the affidavit.[2] OCGA § 9-11-9.1 (e)

---

[1] OCGA § 9-11-9.1 (b).
[2] Id.

provides, in pertinent part, that if a plaintiff fails to file the required affidavit contemporaneously with the complaint and the defendant raises the failure to file an affidavit in its initial responsive pleading, the complaint is subject to dismissal. Under the circumstances presented in this case, we hold that the Hunts satisfied the affidavit requirement.

The Hunts filed their complaint against two groups of defendants. One group of defendants included Dr. Lorenzen, the physician who first saw the child on October 5, 2001, and the Phoebe entities with which Lorenzen was allegedly affiliated. The second group of defendants included Dr. Kele Sewell, who treated the child in the Crisp Regional Hospital emergency room on October 7, 2001, and the Crisp defendants.

In their complaint filed on October 6, 2003, the Hunts included in paragraph 17 a statement that the statute of limitation on at least one claim was set to expire on or about October 9, 2003, that that expiration date is within ten days of the filing date, that because of time constraints expert affidavits could not be obtained, and that the Hunts expressly invoked OCGA § 9-11-9.1 (b), which extends the time to file an expert affidavit by forty-five days.

On November 14, 2003, the Hunts submitted two affidavits in support of their action. One was from Frank Baker, M.D. Dr. Baker opined that Dr. Sewell at Crisp Regional Hospital deviated from the standard of care when he failed to appropriately evaluate and treat the child for dehydration, lethargy and vomiting, failed to appropriately reevaluate the child's vital signs, failed to properly evaluate the child's abdomen, and failed to properly perform physical examination and radiological studies. Dr. Baker averred that the child had symptomatic appendicitis at the time of his first emergency room visit, 30 hours before his death. Dr. Baker added that, within a reasonable degree of medical certainty, had the child received appropriate care and treatment, the appendicitis should have been discovered and the child's death would have been prevented.

The second affidavit, from Mindy Stimell-Rauch, M.D., was executed on September 1, 2003. That affidavit stated that Dr. Lorenzen deviated from the standard of care by failing to perform a thorough examination of the child, including an abdominal examination, and that a thorough examination would have prevented the child's death.

The Hunts acknowledge that they had Dr. Stimell-Rauch's affidavit prior to filing the complaint, but that they did not initially file it with the complaint for two reasons. First, her affidavit only addressed the actions of Dr. Lorenzen. The Hunts alleged other distinct acts of malpractice involving other defendants and sought to file at least one other affidavit in order to sustain their action against

the second group of defendants named in the complaint, the Crisp defendants. Rather than submit one affidavit which would not address the claims brought against all of the defendants, they waited to submit both affidavits together *during the 45-day extension period*. The Hunts were also attempting to procure another affidavit from Frederick Cox, M.D. to use instead of Stimell-Rauch's affidavit but, due to a family emergency, Dr. Cox was unable to complete the affidavit in time.

Furthermore, the Hunts point out that the paragraph in their complaint which purportedly conflicts with the record by stating that an affidavit could not be prepared by the time the complaint was filed, does not contradict the record. In fact, paragraph 17 states that *"affidavits"* (plural) could not be prepared. The allegation that they could not obtain more than one affidavit to file with the complaint alleging two or more distinct acts of malpractice by two separate groups of defendants is not inconsistent with the fact that the Hunts had obtained *one* affidavit by the date the complaint was filed. The trial court should have permitted the filing of both affidavits within the 45-day period, and the case against the Phoebe defendants should not have been dismissed.

We do not agree with the appellees that the case of *Waters v. Stewart*[3] requires a different result here. In *Waters*, we stated that the forty-five-day extension is not automatically triggered by pleading OCGA § 9-11-9.1 (b) (the statute of limitation will expire within ten days and, because of time constraints an expert affidavit could not be prepared) when the record on its face plainly contradicts the pleading that time constraints prevented the affidavit from being prepared for contemporaneous filing with the complaint.[4] First, the pleading for an extension in this case was not, *at the time it was made*, manifestly contradicted by the record.[5] The affidavit which the appellees say contradicted the pleading was not in the record at the time the OCGA § 9-11-9.1 (b) pleading was made.

Secondly, if there was a clear contradiction between the facts appearing on the face of the record and the pleadings, it could be reconciled satisfactorily.[6] Specifically, as discussed above, the affidavit the Hunts had obtained by the time the complaint was filed clearly did not address all of the malpractice claims asserted against all of the defendants.

---

[3] 263 Ga. App. 195 (587 SE2d 307) (2003).
[4] Id. at 197 (1).
[5] See id.
[6] See id.

Nor are we convinced that *Smith v. Morris, Manning & Martin*[7] requires dismissal in this case. In *Smith*, the plaintiff filed a malpractice action three times, twice without an expert's affidavit. Finally, 45 days after the third complaint was filed, and over a year after the first complaint was filed, the plaintiff filed an expert's affidavit. Two years later, the complaint was amended to allege the language of OCGA § 9-11-9.1 (b). In *Smith*, the trial court granted the motion to dismiss for failure to file the affidavit, finding overwhelming evidence of bad faith on the part of the plaintiffs or their counsel regarding the extension provision. None of these circumstances was present in the instant case. The holding in that case, therefore, does not control here.

We note that the purpose of OCGA § 9-11-9.1 is to reduce the number of frivolous malpractice suits.[8] In enacting OCGA § 9-11-9.1 (b), the legislature intended to give a plaintiff extra time to secure an affidavit when the statute of limitation is about to expire.[9] We further note that OCGA § 9-11-9.1 affidavits are to be construed most favorably to the plaintiff and all doubts should be resolved in the plaintiff's favor.[10] Our holding here is consistent with these policies.

*Judgment reversed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED APRIL 14, 2005 — 

*Weiss, Handler, Angelos & Cornwell, William J. Cornwell*, for appellants.

*Hall, Booth, Smith & Slover, Anthony A. Rowell, Thomas M. Burke, Jr., Michael G. Frick, Langley & Lee, Donald W. Lee, Joseph P. Durham, Jr.*, for appellees.

---

[7] 254 Ga. App. 355 (562 SE2d 725) (2002).

